THE TOWN OF LEROY v. McCONNELL AND GOSS.

1. PRACTICE—SAVING EXCEPTIONS; *Error not presumed.* Where none of the evidence appears in the record, and there is no statement of what it tended to prove, or that it raised the questions on which instructions are based, this court cannot, as a general rule, determine whether there was error in the rulings of the court as to the instructions or not.

2. REPLEVIN—*Issue—Verdict.* In replevin under the code the wrongful detention is the gist of the action, and a verdict that finds there was no wrongful detention is sufficient.

*Error from Woodson District Court.*

REPLEVIN, brought by "*The Inhabitants of the Town of Leroy*," as plaintiff, against *W. W. P. McConnell* and *N. S. Goss,* to recover the immediate possession of the printing press, type, and materials used in printing a certain weekly newspaper at the Town of Neosho Falls. The petition averred the incorporation of the plaintiff under and pursuant to the provisions of the "Act relating to corporate Towns and Villages," (ch. 47 Comp. Laws; ch. 108, Gen. Stat.;) and claimed to own and to be entitled to the immediate possession of said property, and alleging a wrongful detention by defendants. An order of delivery was obtained, and the property taken and delivered to plaintiff. The defendants answered—1st, a general denial; 2d, plaintiff had no legal capacity to sue; 3d, plaintiff was not duly and legally incorporated; 4th, that the "Inhabitants of the Town of Leroy" were not a body politic and corporate, etc.; 5th, that defendants were the owners and were entitled to the possession of said property. The third, fourth, and fifth clauses of this answer were verified by *McConnell.* The case was tried at the November Term, 1869, and the jury found "for the defendants, that at the time of the commencement of this suit they did not wrongfully detain the property in controversy." None of the testimony was saved. Motion for a new trial overruled, and judgment on the verdict for a return of the property, etc. The *Town of Leroy* brings the case here by petition in error.

*W. A. Johnson*, for plaintiff in error:

1. The incorporation of the Town of Leroy was not a matter at issue under the pleadings; (civil code, § 108;) and the court erred in instructing the jury that the fact of the incorporation of the town of Leroy was necessary to be proved by the plaintiff, and must be proven by a preponderance of evidence, or the jury must find for the defendants. 13 Wis., 624; 16 id., 112.

2. The court erred in instructing the jury that wrongful detention can only be shown by proof of a proper demand by the plaintiff, and a refusal of the defendant; that there is no other evidence of wrongful detention. Morris on Repl., 78; 1 Chitty Pl., 154; 20 Wis., 462.

3. The verdict is insufficient. It ought to settle all the issues of fact: 2 Wheaton, 221; 11 Howard, 669; 13 Wis., 17.

The verdict in this case is a special verdict. The jury finds facts in regard to the detention of property, and nothing in respect to any other issue. The verdict left the case so uncertain that no judgment ought to have been rendered.

4. The right of property being put in issue by the pleadings, and the verdict going only to the " wrongful detention," it was error to give judgment that the property be returned to the defendants.

*Ruggles & Plumb*, for defendants in error:

1. None of the evidence was preserved; no bill of exceptions was made or settled. Instructions will not be regarded as erroneous where the evidence is not set out in the record, if there might be a state of facts to which the instructions would be applicable. 5 Ind., 519; 8 Blackf., 95, 262.

2. The verdict was sufficient to authorize the judgment. The first part of the verdict is a general finding "for the defendants." The subsequent part is a finding of the particular fact that defendants did not wrongfully detain the property.

The wrongful detention of the property is the gist of the action. 14 Ohio St., 77. The judgment was a proper one, and is warranted by the statute. Code, § 185.

Verdicts will always be held good if courts can understand them. Hilliard on New Trials, § 19; 12 Ind., 274; 16 Conn., 346; 4 Scam. 351.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an ordinary action of replevin. There was a verdict and judgment for the defendants. The plaintiffs bring the case to this court for review, alleging various errors.

The record contains none of the evidence, nor does it pretend to show what the evidence tended to prove. We can only infer that there was evidence from the fact that issues of fact were made up. But this does not afford any decisive indication 1. Practice; that there was any evidence; for the issues were saving exceptions. such that if there was no evidence the trial must, of necessity, have resulted in a verdict for the defendants. One of the errors complained of is the giving of certain instructions, and the refusal to give others. It would be labor wasted to examine the instructions given, for even it were certain that they were not correct as legal principles, there would be the uncertainty as to whether they applied to the evidence in the case; and if they did not, then though there may have been error, it is not shown to be prejudicial to the plaintiffs. The plaintiffs in error must show that such errors have been committed as have wrought prejudice to them, or may have done so, or there can be no reversal of the judgment. It is not necessary to bring up all the evidence in every case, but enough must be shown, either by the testimony or by statement in the Error not pre- bill of exceptions, for this court to see that the sumed. instructions are applicable to the evidence. The same remark applies to instructions refused. If they enunciate correct principles of law, and have no applicability to the case, then the court does right in refusing to give them; and in the absence of the evidence we are unable to say that such instructions ought to have been given. All presumptions are in favor of the rulings of the court below, and this presumption is not removed by any number of possibilities.

There was one instruction given that is possibly an exception to the general rule, as it is predicated upon one of the issues made by the pleadings. The court instructed the jury that the plaintiffs must show that the Town of Leroy was incorporated. The counsel for plaintiffs in error says that this fact was not in issue, as the part of the answer denying it was not sworn to. Code, § 108. But this is an error of the counsel. The third, fourth, and fifth clauses in the answer are sworn to, and these are the clauses that put plaintiff's incorporation in issue; therefore the direction in this point was correct.

The verdict is as follows: "We the jury find for the defendants, that at the time of the commencement of this suit they did not wrongfully detain the property in controversy."

There can be no question but that the above is a good verdict. The action of replevin, under the code, is for the wrongful detention. That is the main question in issue; and it relates to the time of the commencement of the action. There are many causes why a person who may not be the owner of the property still holds it, and yet not wrongfully. If not held *wrongfully*, the verdict for the defendant settles the action then pending, and it settles nothing more—neither the title, nor anything more than it purports to settle.

2. Issue in replevin; verdict.

There being no error apparent in the record, the judgment is affirmed.

All the Justices concurring.