Filed Nov. 19, 1890.

---

No. 14,524.

## SWALES *v.* GRUBBS ET AL.

PLEADING.—*Verification of.—Heirs and Others not Parties to Instrument.*—
Where an instrument is the foundation of, or is referred to in a pleading in an action against parties other than those who are alleged to be parties to it, a joint answer by all or any number of defendants denying the execution, verified by the oath of any one of the defendants, puts the plaintiff upon proof of the execution of the instrument as against all those who join in the answer. The rule that all who are

parties to an instrument which is the foundation of a pleading, should verify a plea denying the execution of the instrument in order to re-quire proof of its execution, will not be extended to heirs or other persons not parties to the instrument.

EVIDENCE.—*Disputed Signature.*—*Comparison.*—In order to determine the genuineness of a signature a comparison may be made between a signature that is admitted by the opposite party to be genuine, and is already in evidence for some other purpose, and has thus become subject to examination by the jury, and the signature whose genuineness is in question.

·SAME.—*Time.*—*Judicial Notice.*—Courts take judicial notice of the days on which fall Sundays and holidays, and the court may properly charge the jury that certain dates fall on Sunday.

·INSTRUCTIONS TO JURY.—*Equity Cases.*—In equity cases general instructions as to the law applicable to the facts of the case are not proper, and the giving, or refusal to give, instructions of a general nature is not available error.

From the Dearborn Circuit Court.

*H. D. McMullen* and *J. K. Thompson,* for appellant.

*G. M. Roberts, C. W. Stapp, N. S. Givan* and *R. E. Slater,* ·for appellees.

MITCHELL, J.—This was a suit by Francis Swales against the heirs and personal representatives of James Grubbs, deceased.

The purpose of the action was to obtain judgment against the decedent's estate upon certain promissory notes, alleged to have been executed by the latter to the plaintiff in his lifetime, and to set aside certain conveyances alleged to have been fraudulently made by the decedent in his lifetime to his children, who are made defendants.

It was found that the decedent did not execute the notes sued on, and a judgment for the defendants followed necessarily.

It is contended that as only one of the defendants pleaded *non est factum* the execution of the notes was admitted, and that the finding to the contrary was therefore outside of the issue. An answer appears in the record which purports to have been filed by all of the defendants except the adminis-

trator, in which the execution, of the notes is denied.   It is verified by only one of the defendants, and it is now insisted that as to all the others the execution of the notes was admitted.

The administrator answered, practically admitting all that was alleged in the complaint, and averring that he had allowed the claim.

It has been held that a joint answer by two defendants, who were joint makers of a promissory note in suit, alleging a material alteration of the instrument, which is verified by the affidavit of only one of them, is sufficient only to put the plaintiff upon proof of the execution of the note by the one thus verifying the answer.   *Feeney* v. *Mazelin*, 87 Ind. 226.   This decision was made in an action where the note was the foundation of the complaint, and where the makers were parties in court.

In the present case the action, so far as it affects the appellees, is not founded on the notes, nor is the maker of the instruments a party.

Formerly the statute read : " When a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in any pleading, it may be read in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied under oath."

Under this statute it was uniformly held that neither the personal representative nor the heir was within the language or spirit of the statute.   *Riser* v. *Snoddy*, 7 Ind. 442 ; *Mahon* v. *Sawyer*, 18 Ind. 73 ; *Barnett* v. *Cabinet Makers' Union*, 28 Ind. 254 ; *Estate of Wells* v. *Wells*, 71 Ind. 509.

In the revision of 1881, section 364, the language of the statute is more comprehensive, and provides that " Where a pleading is founded on a written instrument, or such instrument is therein referred to, * * such instrument * * may be read in evidence on the trial of the cause without proving its execution, unless its execution be denied under

oath; * * but executors, administrators, or guardians need not deny the execution of an instrument," etc., etc.

The notes, although referred to in the complaint, are not the foundation of the action, and while possibly it may have been necessary that the execution of the instruments therein referred to should have been denied under oath (*Belton* v. *Smith*, 45 Ind. 291; *Carver* v. *Carver*, 97 Ind. 497–509), it was not necessary that all the heirs should verify the answer denying that their ancestor and grantor executed the notes referred to in the complaint.

Where an instrument is the foundation of, or is referred to in a pleading in an action against parties other than those who are alleged to be parties to it, a joint answer by all or any number of defendants denying its execution, verified by the oath of any one of the defendants, puts the plaintiff upon proof of the execution of the instrument as against all those who join in the answer. Indeed, we can see no substantial reason for requiring all of a number of joint makers of an instrument, who join in a plea of *non est factum*, to verify the plea. But we decide nothing upon that subject now. The decisions of this court seem to require that all of those who are parties to an instrument, which is the foundation of a pleading, should verify a plea denying the execution of the instrument in order to require proof of its execution. We are not willing to extend this rule to heirs or other persons not parties to the instrument.

During the progress of the trial the plaintiff below introduced the original deeds in evidence, copies of which had been filed with the complaint. After the deeds had been thus introduced, the court permitted witnesses to compare the signature of James Grubbs, as it appeared on the several deeds, with his signature on the notes in suit, and from the comparison thus made to give their opinion as to the genuineness of the signature on the notes. By introducing the original deeds in evidence for the purpose of proving what had been charged in the complaint, viz., that James

Grubbs had conveyed certain lands in severalty to the defendants, the appellant must be held to have admitted the genuineness of the signatures to these instruments, and the rule is established by numerous decisions that a comparison may be made between a signature that is admitted by the opposite party to be genuine, and is already in evidence for some other purpose, and has thus become subject to examination by the jury, and the signature whose genuineness is in question. *Walker* v. *Steele*, 121 Ind. 436, and cases cited; *Shorb* v. *Kinzie*, 100 Ind. 429 (431).

The case was one of equitable cognizance and was so regarded and tried by the court, although a jury was called to answer certain questions propounded, as advisory to the court. It was a disputed question whether or not the notes sued on had been executed. on Sunday. The court charged the jury that certain dates, being the dates fixed in the notes, each occurred on the first day of the week commonly called Sunday. Courts take judicial notice of the "days on which fall Sundays and holidays," and it was, therefore, proper to charge the jury that certain dates fell on Sunday. 1 Wharton Evidence, section 335. The jury were, however, called for the purpose of answering certain questions of fact propounded to them by the court. In chancery cases the province of the jury is to find facts, and not to administer equities in the light of legal rules. This is for the court when the facts are ascertained. It is enough, therefore, to say that in a case like the present, of equitable cognizance, general instructions as to the law applicable to the facts of the case are not proper, and available error can not be predicated upon the giving or refusal to give instructions of a general nature. In that respect the rules which govern where the jury is required to find a special verdict are controlling. *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18.

There are some other questions of minor importance that are suggested in the appellant's briefs. We have carefully considered all the questions and find no error which would

justify a reversal of the judgment. There was evidence which tends to sustain the finding.

The judgment is affirmed, with costs.

Filed Nov. 19, 1890.