## TURMAN v. BURTON et ux.

No. 2451. Opinion Filed February 11, 1913.

(130 Pac. 149.)

**APPEAL AND ERROR—Review—Insufficient Record.** Where none of the evidence appears in the record, and there is no statement of what it tended to prove, or that it raised the questions on which instructions are based, this court cannot, as a general rule, determine whether there was error in the rulings of the court as to the instructions or not.

(Syllabus by Sharp, C.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, judge.*

Action by Charles Burton and Millie Burton against William S. Turman. Judgment for plaintiffs, and defendant brings error.

*William S. Turman, pro se.*
*John L. Maynard, for defendants in error.*

Opinion by SHARP, C. Plaintiffs below, defendants in error, sued defendant below, plaintiff in error, to recover judgment in the sum of $1,164.25 and interest, an alleged balance due on the purchase price of certain lands situated in Okmulgee county. A jury trial being had, a verdict was returned in favor of plaintiffs.

The only errors upon which a reversal is sought arise out of an instruction given by the court, and the refusal to give an instruction requested by defendant. The case-made does not contain the evidence nor any part thereof; neither is there a statement of what the evidence was or what it tended to prove. It is not claimed by the plaintiff in error that the verdict rendered is not supported by sufficient evidence. From the answer and amendments thereto it appears that defendant plead payment at various times and in various sums of the amount claimed by plaintiffs to be due and unpaid. From the brief of plaintiff

in error it appears that on the trial the defendant introduced a number of receipts bearing the signature of one of the plaintiffs, and from the amounts therein contained it was claimed that defendant had discharged his indebtedness to plaintiffs. But plaintiff in error further states in his brief that, although the said plaintiff admitted his signature to the receipts, he denied having received the several amounts therein named, and charged that said defendant had altered said receipts so as to make them read for a larger amount than that contained therein at the time of their execution. This, counsel says, was the only question before the jury. This statement is concurred in by counsel for defendants in error. But how are we to say that the court erred in giving instruction numbered 4, and in refusing the defendant's requested instruction, when none of the evidence is before us? Are we to presume error merely from the fact that the court refused to give an instruction? On the contrary, we are committed to the rule that where a verdict and judgment are authorized by the evidence, and another would be unwarranted, the same will not be reversed on appeal on account of errors alleged to exist in the instructions. *Chapek v. Oak Creek Nat. Bank,* 19 Okla. 80, 91 Pac. 1129; *Shawnee Nat. Bank v. Wootten & Potts,* 24 Okla. 425, 103 Pac. 714; *St. Paul F. & M. Ins. Co. v. Mittendorf et al.,* 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N. S.) 651; *Mitchell v. Altus State Bank,* 32 Okla. 628, 122 Pac. 688.

Courts of error do not sit to decide moot questions, but to redress real grievances. It can, of course, never be said that the jury were misled by the giving of an erroneous instruction, or the refusal to give proper instructions, where they have reached the correct result by their verdict. Hence courts of review in passing upon errors assigned in giving instructions, or refusing to give requested instructions, should look into the evidence, and see if the verdict is right, and, if found to be so, should look no further. In *Town of Leroy v. McConnell et al.,* 8 Kan. 273, the record was in very much the same condition as here. It was observed in the opinion by Kingman, C. J.:

"One of the errors complained of is the giving of certain instructions, and the refusal to give others. It would be labor wasted to examine the instructions given, for, even if it were certain that they were not correct as legal principles, there would be the uncertainty as to whether they applied to the evidence in the case; and, if they did not, then, though there may have been error, it is not shown to be prejudicial to the plaintiffs. The plaintiffs in error must show that such 'errors have been committed as have wrought prejudice to them, or may have done so, or there can be no reversal of the judgment. It is not necessary to bring up all the evidence in every case, but enough must be shown, either by the testimony or by statement in the bill of exceptions, for this court to see that the instructions are applicable to the evidence. The same remark applies to instructions refused. If they enunciate correct principles of law, and have no applicability to the case, then the court does right in refusing to give them; and, in the absence of the evidence, we are unable to say that such instructions ought to have been given. All presumptions are in favor of the rulings of the court below, and this presumption is not removed by any number of possibilities."

See, also *Missouri River, F. S. & G. R. Co. v. Owen,* 8. Kan. 410; *State v. English,* 34 Kan. 629, 9 Pac. 761; *Stetler v. King,* 43 Kan. 316, 23 Pac. 558; *Gray v. City of Emporia,* 43 Kan. 704, 23 Pac. 944. The objectionable instructions given, as well as the requested instruction refused, were each based upon the evidence, not upon the issues joined by the pleadings, and without the evidence before us we are unable to say that any error was committed. The instruction given may have been proper, the one refused, improper; or the requested instruction may not have been applicable to the evidence; or it may be that the testimony was such that the jury could have arrived at no other verdict, and the error, if error was committed, was not prejudicial. The court charged that the burden of proving payment was on the defendant; that, while a written receipt constituted *prima facie* evidence of payment, it was not conclusive, and was subject to explanation, and might upon proof be entirely rejected. Such is the law. While a receipt is *prima facie* evidence of all the facts and statements therein, it is open

to explanation. *Solomon Railroad Co. v. Jones,* 34 Kan. 443, 8. Pac. 730; *Clark v. Marbourg,* 33 Kan. 471, 6 Pac. 548; *St. Louis, Ft. S. & W. R. Co. v. Davis,* 35 Kan. 464, 11 Pac. 421; *American Bridge Co. v. Murphy,* 13 Kan. 35; *Stout v. Hyatt,* 13 Kan. 233; Thompson on Trials, sec. 3050; Wigmore on Evidence, secs. 2432, 2518; Jones on Evidence, secs. 70, 491. A party admitting his signature to a receipt is not thereby precluded from showing, either that he did not receive the amount therein named, or that there had been an alteration in the body of the receipt, whereby the amount named was increased. The court further instructed that the burden of proof was on the party attacking the validity of the receipt. It rests upon the plaintiff in error to show affirmatively that the trial court erred, and the record presented for our consideration, not containing the evidence, fails to disclose wherein the defendant's rights were prejudicially affected. Verdicts of juries and judgments of courts are not to be thus lightly set aside.

Having thus concluded, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.