## LIVINGSTON v. CHICAGO, R. I. & P. RY. CO.

No. 3053.   Opinion Filed February 28, 1914.

(139 Pac. 260.)

1. **APPEAL AND ERROR—Dismissal—Brief.** Where the brief of plaintiff in error fails to contain the specifications of error complained of separately set forth and numbered, and argument and authorities in support thereof stated in the same order, as required by rule 25 of this court (38 Okla. x), the appeal may be dismissed.

2. **TRIAL—Appeal nad Error—Presentation Below—Failure to Instruct—Duty to Request.** Where a special instruction is desired, it is the duty of counsel requesting it to prepare and submit to the court such instruction in writing, properly numbered, and signed, and, upon timely delivery, request that it be given. Upon a failure so to do, where the court has given general instructions applicable to the issues and evidence, this court will not consider as error the court's failure to instruct, of its own motion, upon any given proposition.

3.     **APPEAL AND ERROR**—Presentation for Review—Rulings on Instructions—Evidence. Where none of the evidence appears in the record, and there is no statement of what it tended to prove, or that it raised the questions on which instructions are based, this court cannot, as a general rule, determine whether there was error in the rulings of the court in giving the instructions to which objection is made.

(Syllabus by Sharp, C.)

*Error from District Court, Garfield County;*
*James B. Cullison, Judge.*

Action by Noah L. Livingston against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Parker & Simons* for plaintiff in error.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for defendant in error.

Opinion by SHARP, C. No effort has been made in plaintiff's brief to comply with rule 25 of this court (38 Okla. x), which requires that the brief of the plaintiff in error shall contain the specifications of error complained of, separately set forth and numbered, and for that reason the appeal could very properly be dismissed. *Mahaney v. Union Investment Co.,* 23 Okla. 533, 101 Pac. 1054; *McReynolds v. Phipps et al.,* 31 Okla. 788, 123 Pac. 1125.

As we understand from a careful reading of plaintiff's brief, and the assignments of error contained in the petition in error, it is contended that the trial court erred in not defining what would constitute contributory negligence, and in not instructing that the burden of proving contributory negligence rested on the defendant, and in giving instructions numbered 7, 8, and 14. No instructions were requested by the plaintiff. It is very generally held that, where a special instruction is desired, it is the duty of counsel to prepare and submit to the court such desired instruction in writing, properly numbered and signed, and, upon timely delivery to the court, request that it be given, and that upon a failure so to do, where the court has given general instructions applicable to the issues and the evidence, an appellate court will not consider

as error the court's failure to instruct upon its own motion upon any given proposition. *Moore v. O'Dell,* 27 Okla. 194, 111 Pac. 308; *First Nat. Bank v. Tevis,* 29 Okla. 714, 119 Pac. 218; *Chicago, Rock Island & Pacific Ry. Co. v. Baroni,* 32 Okla. 540, 122 Pac. 926; *St. Louis & S. F. R. Co. v. Crowell,* 33 Okla. 773, 127 Pac. 1063. The same rule applies where it is desired that the court more definitely or fully state any proposition embraced in the charge. *Huff v. Territory,* 15 Okla. 376, 85 Pac. 241. No requested instruction having been prepared and submitted by counsel, we cannot say that the court's failure to instruct constituted error.

The case-made does not contain the evidence or any part thereof; neither is there a statement of what the evidence was or what it tended to prove. It is not claimed by plaintiff in error that the verdict is not warranted by the evidence, but complaint alone is made of the giving of three certain instructions. We had occasion in *Turman v. Burton et al.,* 37 Okla. 5, 130 Pac. 149, to consider the exact question here presented. It was there said:

"Courts of error do not sit to decide moot questions, but to redress real grievances. It can, of course, never be said that the jury were misled by the giving of an erroneous instruction, or the refusal to give proper instructions, where they have reached the correct result by their verdict. Hence courts of review, in passing upon errors assigned in giving instructions, * * * should look into the evidence, and see if the verdict is right, and, if found to be so, should look no further. In *Town of Leroy v. McConnell et al.,* 8 Kan. 273, the record was in very much the same condition as here. It was observed in the opinion by Kingman, C. J.: 'One of the errors complained of is the giving of certain instructions, and the refusal to give others. It would be labor wasted to examine the instructions given, for, even if it were certain that they were not correct as legal principles, there would be the uncertainty as to whether they applied to the evidence in the case; and, if they did not, then, though there may have been error, it is not shown to be prejudicial to the plaintiffs. The plaintiffs in error must show that such errors have been committed as have wrought prejudice to them, or may have done so, or there can be no reversal of the judgment. It is not necessary to bring up all the evidence in every case, but enough must be shown, either by the testimony or by statement in the bill of exceptions, for this court to see that the·

instructions are applicable to the evidence. The same remark applies to instructions refused. If they enunciate correct principles of law, and have no applicability to the case, then the court does right in refusing to give them; and, in the absence of the evidence, we are unable to say that such instructions ought to have been given. All presumptions are in favor of the rulings of the court below, and this presumption is not removed by any number of possibilities.' See, also, *Missouri River, F. S. & G. R. Co. v. Owen,* 8 Kan. 410; *State v. English,* 34 Kan. 629, 9 Pac. 761; *Stetler v. King,* 43 Kan. 316, 23 Pac. 558; *Gray v. City of Emporia,* 43 Kan. 704, 23 Pac. 944. The objectionable instructions given, as well as the requested instructions refused, were each based upon the evidence, not upon the issues joined by the pleadings, and, without the evidence before us, we are unable to say that any error was committed. The instruction given may have been proper, the one refused improper; or the requested instruction may not have been applicable to the evidence; or it may be that the testimony was such that the jury could have arrived at no other verdict, and the error, if error was committed, was not prejudicial. The court charged that the burden of proving payment was on the defendant; that, while a written receipt constituted *prima facie* evidence of payment, it was not conclusive, and was subject to explanation, and might upon proof be entirely rejected."

Many other authorities, some from our own court, might be cited in support of the rule thus announced; however, it is of such general application in appellate courts that a further citation of authority or further discussion of the principle involved would serve no useful purpose. In the absence of the evidence, or of any statement of what it tended to prove, we cannot say that the giving of the instructions constituted reversible error.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.