## CANAFAX v. BANK OF COMMERCE OF McLOUD.

No. 9438—Opinion Filed Nov. 18. 1919.

(Syllabus by the Court.)

**1. Evidence — Judicial Notice — Days and Months.**

Judicial notice will be taken of the coincidence of the days of the week with the

days of the month, and of the days of the month on which Sunday falls.

## 2. Appeal and Error—Questions Presented for Review—Instructions.

Where none of the evidence appears in the record, and there is no statement of what it tended to prove or that it raises the questions on which instructions are based, this court will not, as a general rule, determine whether there was. error in the rulings of the court as to the instructions given and refused. Following Turman v. Burton et ux., 37 Okla. 5.

## 3. Same—Record—Sufficiency of Affidavit.

Where it is desired to review the action of the trial court in refusing to require the stenographer to take down statements made during the trial of any cause, under the terms and provisions of section 1796 or 1833, Rev. Laws 1910, and such statements or proceedings are attempted to be presented to this court by affidavit, such affidavit must show that such statements or proceedings had reference to the cause on trial and were such as might properly be made a part of the case-made or other proceedings in error.

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Action by the Bank of Commerce of McLoud, Okla., against W. F. Canafax. Judgment for plaintiff, and defendant brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Goode & Johnson, for defendant in error.

BAILEY, J. This is an action of replevin, brought in the county court of Lincoln county. After a general denial plaintiff in error pleaded, by way of counterclaim and cross-petition, the payment of various sums of money, and alleging that such sums were paid as usurious interest. To such answer and cross-petition defendant in error filed a reply, consisting of a general denial, and further pleading a written release from all claims, debts, or demands by reason of the transaction as alleged in plaintiff in error's cross-petition. Judgment was had against plaintiff in error, and a motion for a new trial was duly filed and said motion for a new trial was overruled on March 26, 1917. and plaintiff in error allowed 90 days in which to prepare and serve a case-made. On June 25, 1917, plaintiff in error did serve a purported case-made. It will be noted that such case-made was served 91 days after the order of the court allowing 90 days in which to serve case-made. This being the fact, it is contended by defendant in error that such case-made is a nullity for the reason that the same was not served within the time allowed. It is true that the case-made was not served within the 90 days allowed, however, this court will take judicial notice that

June 24th, the ninetieth day, fell on Sunday. R. C. L., page 1100, par. 32; McIntosh v. Lee, 57 Iowa, 356, 10 N. W. 895; Swales v. Grubbs. 126 Ind. 106, 25 N. E. 877.

Section 5341, Rev. Laws 1910, provides:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

The last day allowed for serving such case-made being Sunday, such day will be excluded in the computation of time and the following day be included. Board of County Commissioners of Smith County v. Labore et al. (Kan.) 15 Pac. 577; Grant v. Creed et al., 35 Okla. 190, 128 Pac. 511; Harn v. Amazon Fire Insurance Co., 66 Oklahoma, 167 Pac. 473. We therefore hold that the purported case-made was served within the time allowed.

Of the fifteen assignments of error presented by plaintiff in error, fourteen of such assignments charge error of the court in giving certain instructions and in refusing to give certain instructions tendered by plaintiff in error. The case-made does not contain the evidence, nor any part thereof, nor is there any statement of what the evidence was or what facts were sought to be proven, nor is there any claim that the verdict is not supported by the evidence. Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleadings or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

And under such provision of the statutes, as well as decisions of this court, in passing upon the errors assigned relative to the giving and refusing of the instructions referred to, the court will be compelled to look into the evidence and to ascertain if a right and proper verdict has been rendered. The burden is upon the plaintiff in error to show that such error has been committed as has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. If the verdict arrived at by the jury was a proper one, under all the evidence presented to them, the fact that the court may have improperly instructed the jury can not stand as sufficient grounds for reversal. It is held in Truman v. Buxton, 37 Okla. 5, as follows:

"We are committed to the rule that where a verdict or judgment is authorized by the evidence, and another would be unwarranted, the same will not be reversed on appeal on account of error alleged to exist in the instructions."

And again:

"Where none of the evidence is in the record, and there are no statements of what it tended to prove or that it raised the questions on which instructions are based, this court can not, as a general rule, determine whether there was error in the ruling of the court as to the instructions or not."

See, also, Livingston v. Chicago, R. I. & P. R. Co., 41 Okla. 505, 139 Pac. 260. And, as was said in Town of Leroy v. McConnell, 8 Kan. 273:

"One of the errors complained of is the giving of certain instructions and the refusal to give others. It would be labor wasted to examine the instructions given, for, even if it were certain that they were not correct as legal principles, there would be the uncertainty as to whether they applied to the evidence in the case; and if they did not, then, though they may have been error, it is not shown to be prejudicial to the plaintiff. The plaintiff in error must show that such errors have been committed as have wrought prejudice to them or may have done so, or there can be no reversal of the judgment. It is not necessary to bring up all the evidence in every case, but enough must be shown either by the testimony or by statement in the bill of exceptions, for this court to see that the instructions are applicable to the evidence. The same remark applies to instructions refused."

The fifteenth and last assignment of error is that "the court erred in refusing defendant's request to have taken by the court stenographer certain proceedings, to wit, certain improper remarks by counsel for plaintiff, as found in the affidavit marked 'Exhibit A,' and made a part of the motion for a new trial." Such affidavit being as follows:

"At the trial of said cause on the 10th day of March, 1917, counsel of record for plaintiff in his argument to the jury made certain remarks outside the record which affiant considers prejudicial to the rights of the defendant. That thereupon affiant objected to such remarks and averments and asked that the same be taken down by the court stenographer, and that such request was refused by the court, to which affiant excepted on behalf of the defendant."

Counsel relies upon section 1786, Rev. Laws 1910, to support this assignment. Aside from the question as to whether in proceedings in the county court, the court stenographer in recording the statements and proceedings during the trial of a cause is to be governed by section 1786 or section 1834, Rev. Laws 1910, but assuming for the purpose of this assignment that section 1786, supra, controls, we do not think plaintiff in error has brought himself within the provisions of the statutes. In Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77, it is said:

"The defendants lastly complain that: 'The court erred in refusing to permit the stenographer to take certain remarks by the court in the presence of the jury, although requested to do so by the attorney for defendants.' They attach affidavits of W. H. Parker and Paul Pinson in support of this assignment. Counsel relies upon section 1786, Rev. Laws, 1910, in urging this assignment. But the substance of that statute is: All statements of counsel, and witnesses or the court, made during the trial of any cause with reference to any cause pending for trial, when made by a party or attorney interested therein 'and all other matters that might properly be a part of a case-made for appeal or proceedings in error,' shall be taken down and transcribed by the stenographer if requested, and a refusal of the court to permit this to be done shall be reversible error."

Here, as was observed in the case of Dabney v. Hathaway, supra, there is not the slightest indication in the affidavit filed in this case that the remarks of which complaint is made, had any reference to the cause of action, or could in any way have been made a part of the case-made. If the remarks complained of by defendant were concerning this case, or could have properly been made a part of the case-made, then it is the duty of counsel to make a showing in the record to that effect.

We recognize the mandatory nature of the section of the statute referred to, and we do not mean to suggest any discretionary power in the trial court to limit or prevent the recording of any statements when made during the trial of any cause, with reference to such cause, or such other matters that might properly be made a part of a case-made or in other proceedings in error, but before the terms and penalties of such statutes are invoked, counsel should be at least required to make such showing as will enable this court to see that the statements complained of had reference to the trial, and indicate the nature of the remarks of which complaint is made.

For the reasons herein assigned, the judgment of the trial court is affirmed, and the opinion heretofore filed in this cause is withdrawn.

All the Justices concur.