### WINN et al. v. COREY.

No. 26820. Sept. 8, 1936.

Rehearing Denied Jan. 19, 1937.

Second Petition for Rehearing Denied March 9, 1937.

Hudson & Hudson, for plaintiffs in error.

Ladner, Logsdon & Livingston, for defendant in error.

PER CURIAM. Josephine Corey instituted this suit against Thomas Winn, Thomas King, and Safety Cab Company, a corporation, to recover damages for personal injuries. It was alleged that plaintiff, a pedestrian, was struck by an automobile negligently operated by defendants. The answer of defendants was a general denial and a plea of contributory negligence. A jury verdict for $2,500 was returned for plaintiff against the defendants Thomas Winn and Safety Cab Company, Inc. Judgment was entered. Motion for new trial was duly filed and overruled and exceptions saved. The motion for new trial, among other things, alleged that the verdict and judgment was excessive, contrary to the law and the evidence, and that the court erred in instructing the jury.

The parties will be hereinafter referred to as they appeared in the trial court. The petition in error alleges errors in the instructions of the court and error in overruling the motion for new trial. The sole proposition presented in the brief of defendants is that the court erred in instructing the jury as to the issues in the case.

This appeal is by case-made. The record contains the pleadings, the instructions, the verdict, the judgment, the motion for new trial, and the order overruling same. None of the evidence appears in the record. Plaintiff in her petition alleged that she was injured by the negligent act of the defendants, and that her injuries were caused solely and proximately by the negligence of the defendants. She alleged that the defendant Winn was the driver, agent, and employee of the defendant Safety Cab Company, and that she was struck and knocked down by the automobile driven by the defendant while she was walking on a crosswalk of a public street in the city of Tulsa. The allegations of negligence were that the defendant was driving at a speed in excess of 35 miles an hour in violation of a city ordinance; that he was attempting to pass another car at a street intersection in violation of a city ordinance; that he failed to observe whether or not persons were walking across the intersection; that he failed to give any sound or signal of warning, and that he failed to concede the right of way to plaintiff as required by ordinance.

Defendants' answer was a general denial. It was admitted that the Safeway Cab Company was a corporation. The answer further pleaded contributory negligence.

Defendants urge in their brief that the court erred in giving instruction No. 4 over their objection and exception. This instruction was as follows:

"You are instructed that the ordinances of the city of Tulsa provide, among other things, that cars approaching intersections shall not exceed 15 miles per hour in crossing said intersection, and further prohibit the passing of other vehicles traveling in the same general direction in which they are traveling while in said intersection.

"And, in this connection, you are told that a violation of a city ordinance in either instance would constitute negligence upon the part of the person violating same. You are further told that if you find and believe from a preponderance of the evidence, facts and circumstances in proof, that the defendant Winn herein, in the operation of his taxicab, violated the city ordinances in either of the respects herein referred to, upon the occasion when the accident occurred, that then and in that event his violation thereof would constitute negligence, and the burden would be upon him to show that his violation thereof was not the proximate cause of the accident."

Defendants urge that this instruction placed the burden of proof on them to prove that their negligence was not the proximate cause of plaintiff's injury, while under the law the burden was on the plaintiff to establish that the negligence of defendants was the proximate cause of her injury. In support of this proposition they cite and rely on the rule laid down by this court in Pittsburg County Railway Co. v. Hasty, 106 Okla. 65, 233 P. 218. That case was much like the case at bar. In that case the trial court instructed the jury that if they found that the defendant violated the city ordinances of

McAlester in the operation of its street car the burden of proof would then be shifted to the defendants to prove by a fair preponderance of the evidence that the accident was not proximately caused by the act of the defendants. This court held that this instruction was erroneous and reversed the case. The rule was stated:

"The question, what is the proximate cause of an injury, is ordinarily a question for the jury; but the burden is always on the plaintiff in an action for personal injuries, to show the negligence charged was the proximate cause of the injury."

This rule is well settled. The burden of proof is upon the plaintiff in an action to recover damages for negligence to prove, by a preponderance of the evidence, negligence of defendants, and that the negligence alleged and proved was the proximate cause of the injury. Gulf, C. & S. F. Ry. Co. v. Nail, 156 Okla. 294, 10 P. (2d) 668; Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908; Chicago, R. I. & P. Ry. Co. v. Smith, 160 Okla. 287, 16 P. (2d) 226.

It was the duty of the trial court to instruct the jury that the burden was upon the plaintiff to show that the negligence of the defendants was the proximate cause of plaintiff's injury. To instruct that the burden was upon the defendants to show that the violation of the city ordinances was not the proximate cause of the accident was clearly erroneous.

Plaintiff urges that the court in the general instructions required the plaintiff to establish by a preponderance of the evidence the material facts relied upon for recovery against the defendants. It is contended that instruction No. 6 likewise placed this burden on the plaintiff. This instruction was:

"If you find from the evidence, facts and circumstances in proof that the defendant Winn was operating his automobile in a careless and negligent manner upon the occasion of the accident complained of, and that such accident was occasioned as the proximate result thereof, then, and under such circumstances, it would be your duty to return a verdict in favor of the plaintiff in such amount as would reasonably compensate her for the damages sustained as a result thereof."

It is urged that the general instruction and instruction No. 6 cured the error, if any, in instruction No. 4. This same contention was made in Pittsburg County Railway Company v. Hasty, supra, but was denied. The error of the court in giving instruction No. 4 was not cured by the general instruction or by giving instruction No. 6. It does not appear that these instructions relieved defendants of the wrongful burden imposed by instruction No. 4. Ordinarily erroneous instructions are not cured by the giving of contrary instructions for the reason that such would confuse the jury, and this court would be unable to determine which instruction the jury followed and which they ignored. Pittsburg County Railway Co. v. Hasty, supra; Younger v. Blanchard Hdw. Co., 120 Okla. 279, 251 P. 56; Bailey v. Citizens Bank, 118 Okla. 118, 247 P. 42; City of Cushing v. Buckles, 134 Okla. 206, 273 P. 346.

Plaintiff invokes the harmless error doctrine and contends that, since the record does not contain the evidence, this court cannot say that the jury was misled by the instruction. It is urged that without reviewing the evidence we cannot say whether or not the jury reached a correct result, and therefore cannot say that the erroneous instruction was prejudicial to defendants. In support of this proposition plaintiff cites Turman v. Burton, 37 Okla. 5, 130 P. 149; Livingston v. C., R. I. & P. Ry. Co., 41 Okla. 505, 139 P. 260, and Canafax v. Bank of Commerce, 76 Okla. 289, 184 P. 1014. In these cases the rule was stated:

"Where none of the evidence appears in the record and there is no statement of what it tended to prove, or that it raised the questions on which the instructions are based, this court cannot as a general rule determine whether there was error in the ruling of the court as to the instructions or not."

In Turman v. Burton, supra, this court said:

"The objectionable instructions given, as well as the requested instructions refused, were each based upon the evidence, not upon the issues joined by the pleadings, and without the evidence before us we are unable to say that any error was committed."

In Livingston v. C., R. I. & P. Ry. Co., supra, this court said:

"It is not necessary to bring up all the evidence in every case, but enough must be shown, either by testimony or by statement in the bill of exceptions, for this court to see that the instructions are applicable to the evidence."

In Canafax v. Bank of Commerce, supra, this court said:

"The burden is upon the plaintiff in error to show that such error has been committed as has probably resulted in a miscarriage

of justice or constitutes a substantial violation of a constitutional or statutory right."

The cited cases do not sustain plaintiff's contention. It appears that the erroneous instructions complained of in those cases arose from the evidence rather than from the issues joined by the pleadings, and in none of those cases did it appear that the trial court erroneously instructed the jury as to the issues joined by the pleadings. In the case at bar the pleadings fixed the issues. The burden of proof was on the plaintiff to establish the allegation that the negligence of the defendant was the proximate cause of her injury. Section 359, O. S. 1931. This burden did not shift regardless of the testimony. The defendants were not required to put on any testimony. They were entitled under the law to have a jury determine if the plaintiff by a preponderance of the evidence had met the burden of establishing that the negligence of the defendant was the proximate cause of her injury. The instruction of the court not only erroneously freed the plaintiff of this legal obligation, but it placed an unwarranted burden on the defendants. Proximate cause was a question for the jury. The trial court by the instruction invaded the province of the jury by instructing them, in effect, that the plaintiff had met the burden of proving proximate cause if they found that the defendants had violated the city ordinance. It is unnecessary to review the evidence to conclude that this was prejudicial error.

The statute, section 3206, O. S. 1931, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

By this statute we are directed not to grant a new trial unless, in our opinion, after an examination of the record it appears that the error has resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. In Ratzlaff v. State, 102 Okla. 263, 229 P. 278, this court held:

"Error of a trial court clearly appearing and which, from the record, it appears may have been materially prejudicial, will not ordinarily be excused by an undue extension and application of the doctrine of harmless error, merely because it does not affirmatively and clearly appear from the record that a contrary ruling of the lower court would have produced a different verdict or judgment."

In Western Roofing Tile Co. v. Deibler, 30 Okla. 347, 120 P. 579, the rule was stated:

"In a civil action, an instruction which deprives a litigant of a plain statutory right, or imposes upon him a burden, which under the circumstances he is plainly relieved of by statute, should not be treated as harmless."

In Sanders v. Percy, 94 Okla. 145, 221 P. 420, this court held:

"Where plaintiff alleges a partnership, and defendant denies it by verified answer the burden of proving the partnership is on the plaintiff, and it is reversible error for the court to instruct the jury that the burden of proving no partnership is on the defendant."

From the record in the case at bar it appears that the trial court erroneously instructed the jury as to the issues of the case as fixed by the pleadings and by law. The error was substantial. It was vital and probably resulted in a miscarriage of justice. The error complained of constituted a substantial violation of the statute and the law which required plaintiff to sustain before the jury the burden of proving a material issue joined by the pleadings.

The judgment of the trial court is reversed, with instructions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys Charles L. Orr, Frank L. Warren, and W. T. Anglin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Orr and approved by Mr. Warren, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

W. T. Anglin, a member of the committee, did not concur in the conclusion reached in this opinion.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.