## OWENS v. TURMAN OIL CO.

No. 28039. April 26, 1938.

Rehearing Denied June 21, 1938.

Geo. C. Crump and H. W. Carver for plaintiff in error.

C. E. Cooper and R. J. Roberts, for defendant in error.

BAYLESS, V. C. J. Fred Owens sued Turman Oil Company, a corporation, in the district court of Seminole county, Okla., and appeals to this court from a judgment of that court based on a verdict of the jury adverse to him.

His causes of action are based upon the death of certain cattle, and depreciation in value of others, as a result of the drinking of water from a stream polluted by oil and salt water from a lease of the company. In addition to general denial, the company pleaded contributory negligence in that plaintiff. knowing that the water was polluted, and therefore unfit for use for said cattle and dangerous to them, permitted his cattle to drink said water.

After parties introduced their evidence, the trial judge instructed the jury, and the jury returned a verdict for the company. The plaintiff has brought up only a portion of the evidence and makes the general complaint of error in the overruling of the motion for new trial. and specific complaint of the giving of certain instructions.

In his brief. plaintiff urges that, since the negligence of the company consisted of violation of section 11580, O. S. 1931, by permitting the deleterious substances named therein to run into the stream used for watering stock, contributory negligence is no defense, and the court should not have instructed on this issue. The company argues that contributory negligence is a defense, and it was proper to submit the issue to the jury under proper instructions.

The plaintiff most strenuously argues that he was materially prejudiced by the submission of the issue of contributory negligence to the jury, and especially so in that the particular instructions contained erroneous statements of law. He urges in his reply brief that, irrespective of whether contributory negligence is a defense to his action, the trial court violated his constitutional rights when it undertook to instruct the jury what did. or did not, constitute contributory negligence in the record.

The cases cited by the plaintiff, as well as other cases, are consistent in holding that when a jury is hearing the cause, the issue of contributory negligence must always be submitted to the jury; and, likewise, hold that an instruction on contributory negligence such as was given in this case is erroneous. In instruction No. 12, the court defined contributory negligence, told the jury what were the defendant's allegations or contentions with respect to the alleged contributory negligence of the plaintiff, and told the jury if they found from the evidence that the plaintiff was guilty of the acts charged to him by the defendant, he was guilty of contributory negligence and could not recover. The last part of this instruction is fundamentally erroneous. The trial court has no authority to tell the jury that its findings will or will not constitute contributory negligence. Wichita Falls & Northwestern Ry. Co. v. Woodman, 64 Okla. 326, 168 P. 209. The jury must be permitted to find whether the plaintiff committed the acts charged to him, and further to say whether such acts constitute contributory negligence. Folsom. etc., Co. v. Scott, 107 Okla. 178, 231 P. 512-514. In this instruction the trial court unconstitutionally violated the province of the jury by telling them that certain things found by them, if they found them to be the facts, constituted contributory negligence.

Plaintiff's failure to act in mitigation of damages is not herein presented. The plaintiff insists that it was error to submit an instruction upon the issue of contributory negligence. He insists that the defense was properly failure to mitigate damages, and not contributory negligence. We cannot

decide this issue. The evidence is not here. We cannot pass upon a question of this kind without examining the evidence, and the plaintiff has failed to bring up all of his evidence and failed to bring any of the defendant's evidence. Consequently, whether the instruction should have been given upon that issue instead of contributory negligence is not decided.

The defendant, relying upon Turman v. Burton, 37 Okla. 5, 130 P. 149; Livingston v. C., R. I. & P. Ry. Co., 41 Okla. 505, 139 P. 260; Canafax v. Bank of Commerce, 76 Okla. 289, 184 P. 1014; Shell Petroleum Co. v. Perrine, 179 Okla. 142, 64 P 2d 309, and other cases, contends that all of the evidence upon which the jury returned its verdict must be brought up on appeal in order that it may be determined whether a miscarriage of justice has accompanied an instruction containing an erroneous abstract statement of law. The company urges that, since the plaintiff has not brought up all of the evidence in this case, this court cannot say whether the alleged erroneous, abstract statement of the law prejudiced the plaintiff in any of his substantial rights to the extent requiring a reversal.

Most of these cases were discussed and differentiated from an instance such as we have here in the case of Winn v. Corey, 179 Okla. 305, 65 P.2d 522. In that opinion we pointed out the difference between erroneous statements of law on issues arising out of the conflicting evidence in the particular case and erroneous statements of law touching upon fundamental issues arising from the pleadings, or from the statutory procedural aspect of the case. In the case of Winn v. Corey, supra, the trial court erroneously instructed that the burden of proof, in a certain respect, lay upon the defendant. This so inconsiderately changed the relative positions of the parties that it is difficult to conceive of any amount of evidence sufficient to alter the jury's belief as to which party labored under the burden of proof. The jury might weigh the evidence ever so fairly, but, being misdirected as to who had the burden of proof, would be acting always upon a false premise respecting the relative positions of the parties.

In this case the error is even more serious. In our Constitution we have withdrawn from the trial judges, when a jury is sitting, the determination of any issues of law or fact respecting the determination from the evidence of contributory negligence. In this case the act of the trial judge in so misdirecting the jury is tantamount to an attempt to exercise a power not held by such courts. The determination of the issue was utterly foreign to any duty imposed upon the trial judge. Under our Constitution we could not be authorized to state that a review of the evidence caused us to believe that the error is harmless. The error goes beyond purely a consideration of the weight —even the overwhelming weight— of the evidence. We cannot sanction as harmless the assumption of a trial court of power it does not possess.

Judgment reversed.

RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.