## MILLER v. GRIFFIN GROCERY CO.

### No. 30964. April 13, 1943.

#### 136 P. 2d 874.

Harry D. Pitchford, of Okmulgee, for plaintiff in error.

J. Hugh Nolen and Charles Dunn, both of Okemah, for defendant in error.

RILEY, J. Plaintiff in error, as plaintiff below, sought to recover from defendant in error, defendant in the trial court, a domestic wholesale grocery corporation, a judgment for personal injuries alleged to have been sustained as a result of eating a sandwich spread food product containing ground glass, manufactured and distributed in sealed containers by defendant in error.

Plaintiff alleged and testified, as set forth in her bill of exceptions allowed, that she ate of the product, noticed a gritty substance in it, suffered excruciating pains, and thereafter, on two occasions, she ate more of the product with like results, before learning of the deleterious substances contained therein; that after learning that the sandwich spread contained glass, she did not consume any more of it. She alleged serious and permanent injuries and sought a judgment in the sum of $10,000. Trial was had to a jury, resulting in a verdict and judgment for defendant. Plaintiff appeals.

Error is predicated upon the giving of instruction No. 11, which reads as follows:

"You are instructed that the defendant has pleaded that the plaintiff is guilty of contributory negligence, in that she alleges she consumed the sandwich spread one day, was made ill, as she alleges, and again the next day, ate a portion of the same article.

"If you believe and find from the evidence that the plaintiff did become ill from eating the sandwich spread, and, realizing that it was the sandwich spread which made her ill, and knowing that, she again consumed the spread, and became ill, the plaintiff is guilty of contributory negligence, and your verdict should be in favor of the defendant."

It is to be noted that the instruction given does not with exactness follow statements contained in the bill of exceptions as to the allegations and proof made by plaintiff. The instruction is predicated upon the theory that if plaintiff, after eating the substance, became ill, and knew that the substance eaten was the cause of her illness, and again ate of it, she would be guilty of contributory negligence and could not recover; whereas, by the bill of exceptions, it is shown that after learning of the contents of the sandwich spread the plaintiff did not eat of it any more. If, as contended by plaintiff in error, an injury was sustained by her as a result of eating the product, prior to her knowledge of the deleterious substance contained in it, her acts and conduct thereafter would not constitute contributory negligence as to the first injury. However, the instruction as a whole must be considered erroneous in this jurisdiction for the reason that courts are bound by the provisions of article 23, sec. 6, of the Constitution, which provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

In Southwestern Cotton Oil Co. et al. v. Sawyer, 175 Okla. 87, 51 P. 2d 543, this court held:

"In construing that section of the Constitution, this court has repeatedly held that it is error for the court to instruct that, if the jury finds certain facts, the plaintiff is guilty of contributory negligence, or to instruct that if the jury finds certain facts, the verdict shall be for the defendant."

In Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576, this court held:

"An instruction to a jury which tells them that if they find from the evidence that the plaintiff was guilty of certain acts of conduct, that such acts of conduct constitute contributory negligence, is erroneous."

The defendant in error cites and relies upon Canafax v. Bank of Commerce of McLoud, 76 Okla. 289, 184 P. 1014; and Turman v. Burton et ux., 37 Okla. 5, 130 P. 149. These are cases wherein judgments have been affirmed despite erroneous instructions, and they are predicated upon the fact that none of the evidence appeared in the record and the absence of a statement of what the evidence tended to prove. They are not applicable to the case at bar for the reason that herein there is contained in the bill of exceptions a statement of the evidence as required. As in Owens v. Turman Oil Co., supra, the determination of the issue of contributory negligence was utterly foreign to any duty imposed upon the trial court. Therein it was held:

"Under our Constitution we could not be authorized to state that a review of the evidence caused us to believe that the error is harmless."

Error is also predicated upon certain instructions given and dealing with matters not supported by allegations or proof, but this issue is not likely to occur after remand of the cause.

The judgment is reversed and the cause is remanded, with instructions to grant a new trial.

CORN, C. J., GIBSON, V. C. J., and HURST and DAVISON, JJ., concur. OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., absent.