**FLO–BEND, INC., a corporation, Petitioner,**

v.

**Billy PULLAM, and the State Industrial Court, Respondents.**

No. 50492.

Supreme Court of Oklahoma.

Oct. 25, 1977.

Rosenstein, Fist & Ringold by Janine H. VanValkenburgh, Tulsa, for petitioner.

Bailey, Romine & George by Terry Lee George, Okmulgee, for respondent, Billy Pullam.

LAVENDER, Vice Chief Justice:

Petitioner, respondent in State Industrial Court (respondent), seeks review of a trial judge's order awarding compensation for permanent partial disability (40%) to body

as a whole, found to have resulted from accidental injury during covered employment. As the case must be remanded for further proceedings, recitation of evidence relating to other matters presented is unnecessary.

Claim for compensation alleged accidental injury, notice to respondent, and referral to Dr. S. in Sand Springs for examination and treatment. The physician reported findings of moderate musculoligamentous strain from accidental injury, and discharge on February 26, 1976, without permanent disability from injury. Claimant waived objection to this report.

Claimant was examined March 10, 1976, in Sapulpa, Oklahoma, by Dr. J. History, physical, and x-ray examination of lumbar area showed possibility of lumbar disc condition. Dr. J.'s deposition testimony also was in evidence. Tenderness of lumbar area and restricted flexion was found, and x-ray disclosed slight wedging between L–5, S–1. This was basis for opinion back injury resulted in herniated disc by reason of which claimant sustained 50–60% permanent partial disability to body as a whole.

Also in evidence was deposition testimony of a Holdenville physician, with considerable orthopedic experience, who examined claimant May 14, 1976. Based upon history of injury and treatment and examination, the doctor was of opinion injury resulted in herniated disc which caused 50% permanent partial disability. Laminectomy might improve condition, but approximately 25% disability would remain after healing. Both above reports were made prior to hearing.

Respondent had claimant examined August 16, 1976, by Dr. R. in Tulsa. This doctor reported examination disclosed no evidence of fracture, dislocation, or ruptured intervertebral disc. Claimant was free of any disability and able to resume ordinary manual labor.

The case was heard in Tulsa on October 5, 1976. Upon conclusion of claimant's evidence the trial court ordered claimant sent to a general practitioner in Oklahoma City, (Dr. H.), for independent medical examination. An order for this examination was filed October 14, 1976. Other medical reports then were admitted in evidence without objection.

On November 6, 1976, Dr. H. addressed a report of his findings to the trial judge in which claimant's injury was diagnosed as nerve root irritation. Further orthopedic evaluation was indicated, but claimant had 40% permanent partial disability at that time for ordinary manual labor. The record does not show when this report was received by the trial judge. The report was not filed in State Industrial Court. However, a written notation was mailed to claimant's counsel on November 19, 1976, with copy of bill for examination.

On November 23, 1976, respondent mailed to the Industrial Court a request for cross-examination of the physician, or leave to call the physician at trial. That motion shows receipt of the medical report by the respondent on November 22, 1976. Respondent also objected to charges for examination as excessive. Certificate of mailing reflected service upon the trial judge and opposing counsel on that date. This motion was not filed in State Industrial Court until November 29, 1976.

December 15, 1976, the trial judge entered an order awarding compensation for 40% permanent partial disability to body as a whole. No disposition of respondent's motion appears in the record. Neither is there any finding respondent agreed to the independent physician's report, or waived right of cross-examination. Review of the trial judge's order presents the issue whether reversible error resulted from denial of right to cross-examine the court appointed medical examiner.

■ The right of cross-examination is a valuable right given by law. Cross-examination is a safeguard to truthfulness and accuracy and may be used to discredit a witness or develop facts favorable to the cross-examining party. *Frierson v. Hines,* Okl., 426 P.2d 362 (1967). Absent agreement or waiver, evidence in a workman's compensation case must be taken in a manner provided by rules authorized by statute.

*City of McAlester v. Nave,* Okl., 451 P.2d 681 (1969).

State Industrial Court Rule 12 (85 O.S. 1976 Supp., Ch. 4 App.) provides, in essence, that, if respondent objects to a written medical report and indicates that he wishes the right to cross-examine the medical witness and makes such objection and request in writing within five (5) days from the day upon which respondent receives a copy of such written medical report, the respondent may then take the doctor's deposition. If the objection to the written report is not timely made, the right to cross-examine the witness will be considered as waived by the terms of the rule.

In view of the rule, the issue simply is whether the trial court, under circumstances shown and without any finding thereon, properly treated respondent's right to cross-examination as waived. For reasons hereafter stated, we are of the opinion the trial court's action was improper.

█ Here, respondent, the party seeking cross-examination, is charged with a duty to take affirmative steps to preserve the right extended by the rule. No responsibility rests upon any other party involved, at this stage of the proceedings, in respect to advising a respondent of the physician's report. Neither the examining physician, the trial judge to whom the independent examiner's report is addressed, nor State Industrial Court where the medical report should be filed, are required to take any action.

█ Terms of the rule require an apparent assumption some undefined action will be taken to inform respondent that it is time to act or right of cross-examination will be waived. This clearly appears in the present case. A medical report dated November 6, 1976, was addressed to the trial judge, but not filed in State Industrial Court. Respondent's counsel certified to receipt of a copy November 22, 1976, and mailing of request for cross-examination on November 23, 1976. This request was filed November 29, 1976, in State Industrial Court.

Although not filed in State Industrial Court, the independent examiner's report is included in the record. Unquestionably, that report was not only considered by the trial court, but carried great weight, for the award of permanent disability of 40% to the body as a whole corresponded with the disability opinion of the report. Notation on the report indicates a copy was mailed to respondent's counsel on November 19, 1976. Whether the trial court considered respondent's time for objection ran from date of the report, the time when forwarded to respondent, as indicated by notation, or from date filed in State Industrial Court cannot be determined. Absent specific finding as to waiver of right to object and reason therefor, it is impossible to determine the basis for denying right of cross-examination. These matters obviate need for considering claimant's argument respondent was dilatory in view of 40 days lapse between date of appointment and respondent's filing objection.

Judicial notice is taken of coincidence of days of the week with days of the month, and of days of the month upon which Sunday falls. *Canafax v. Bank of Commerce,* 76 Okl. 289, 184 P. 1014, 8 A.L.R. 59 (1919). This court also recognizes, as a matter of common knowledge, that State offices, including the Industrial Court, are closed on Saturdays. The fifth and last day to comply with Rule 12 was November 27, and in calendar year 1976 that was a Saturday, a day the Industrial Court was not open for public business. The court's next public business day was Monday, November 29. Here, 12 O.S.1971, § 82[1] allows compliance with Rule 12 with the filing on Monday, November 29, 1976. *Jackson v. Carson,*

---

1. § 82. Public offices—Filing of instruments or performing of acts when office not open

    When the last day for the filing of any pleading or other written instrument in a public office, or the performance of any act required to be performed in such office, falls on a day when such office is not open for public business, the pleading or other written instrument may be filed or the act performed on the next day when the office is open for the performance of public business.

Okl., 347 P.2d 1031 (1960). With the motion having been filed within time, there was no waiver of the right to cross-examine the independent medical examiner.

This court consistently has recognized requirements of due process inexorably require that adversary parties have opportunity to be heard before any of their substantial rights are altered or affected. *B. F. Goodrich Co. v. State Industrial Court*, Okl., 429 P.2d 787 (1967), and cases cited. This principle has provided basis for decisions holding admission of ex parte statements of a court appointed examiner is error unless the opposing party agrees to admission, or waives right of cross-examination. *Richardson v. M. & D. Freight Lines, Inc.*, Okl., 322 P.2d 192 (1957); *Howland v. Douglas Aircraft Co.*, Okl., 438 P.2d 5 (1968).

Both cited cases recognized reversible error in admission of ex parte evidence, but declined vacation of the orders reviewed because extent of disability was not involved. Thus no need arose for consideration of the questioned medical evidence, the report had no harmful effect and no prejudicial error resulted from admission. *Howland, supra.* The exception recognized in those decisions is not applicable in the present cause. Nor can we find harmless error with the obvious weight given the independent medical examiner's report without the cross-examination properly requested under Rule 12.

The award is vacated and the cause remanded for further proceedings not inconsistent with the views expressed.

All of the Justices concur.