**FORRESTER et al. v. JONES et al.**

No. 19335. Opinion Filed March 31, 1931.

W. J. Horton and Jackman A. Gill, for plaintiffs in error.

Monk & McSherry, for defendants in error.

SWINDALL, J. Albert W. Jones and J. H. Phillips, as plaintiffs, brought this action in the district court of Pittsburg county against the plaintiffs in error, as defendants, to recover a brokerage commission for the sale of the property of the McAlester Refined Oil Company.

The plaintiffs do not contend they finally closed the sale of the property; they say their faithful efforts, over a long period of time, constituted the effective and procuring cause which led to the sale, and that therefore they are entitled to their commission, even though the sale was closed by the defendants.

Defendants contend (1) that the plaintiffs were unable to bring the minds of the proposed purchaser, the Barnsdall Refining Company, and the defendants to an agreement, and that on the failure so to do the efforts to sell to the said Barnsdall Refining Company were abandoned, and that thereafter the defendants effected a sale of the property through their own efforts, without fraud and without taking any advantage of the efforts of the plaintiffs; (2) that the trial court failed to clearly submit by appropriate instructions the theory of the defense in accordance with the evidence and that the failure to do so constitutes prejudicial error; (3) that the trial court erred in refusing certain instructions requested by the defendants, and in modifying defendants' requested instruction No. 4, and giving the same as modified as instruction No. 8 of the general charge of the court to the jury; (4) the plaintiffs contend that if there was any error committed by the trial court in giving instruction No. 8, the same was invited error, in that the instruction as given was substantially as requested by the defendants with two slight variations in verbiage made in the interest of clarity, but absolutely without change of meaning. These are the issues for us to determine.

Upon a trial of the case to a jury, verdict was rendered in favor of plaintiffs in the sum of $2,150 for the commission, and judgment was entered by the trial court in accordance with the verdict.

In the negotiations the defendants were

represented by G. W. Forrester, the plaintiffs by J. H. Phillips, and the Barnsdall Refining Company by Jeff T. Boucher.

The evidence disclosed that Boucher already knew of this property, for he had tried to purchase it in 1924 for the Waite Phillips Company. Boucher was not in the McAlester territory during the year 1925, but in 1926 he was employed by the Barnsdall Refining Company and was on the outlook for a filling station for his company at McAlester. He had a general familiarity with the property. Phillips did not introduce the agent of the purchaser to the defendants. They were already acquainted through the negotiations in 1924. The point is made that they are not entitled to their commission for this reason. The evidence clearly shows that a list of the property was made and delivered to Phillips, a statement of the gallonage for the months of January, February, March, April, and May, preceding the employment, was compiled, and photographs of the property furnished. Phillips, with this information, and at the request of the defendants, undertook to negotiate the sale. There is no doubt, therefore, but that the plaintiffs were employed to negotiate the sale with the Barnsdall Refining Company for $68,350, and since they were employed to negotiate the sale with this particular purchaser, the fact that the defendants had previously negotiated with Mr. Boucher for the sale of the property becomes immaterial.

The plaintiffs advised the defendants that the sale could not be closed for the consideration mentioned. A lot, or tract, of land was eliminated and the sale price reduced to $63,500. Not being able to consummate the sale at this price, a further reduction was made to $50,000. The proposed sale was in the form of an option, the last option terminating on April 7, 1927. Boucher notified the plaintiffs that his company would not take the property at $50,000, and declared the deal off. The plaintiffs so informed the defendants. Forrester testified that he then told Phillips: "Well, just forget it then—let it go—not think any more about it"; and "that he let Mr. Phillips know that he considered the deal off, and would not take it up with Mr. Boucher any more." Goddard testified that when he learned the Barnsdall Refining Company would not pay $50,000 for the property he told Phillips: "Well, I guess we can run it ourselves if they don't want it." Thereafter the plaintiffs made no further efforts to sell the property.

About a month later, Walter Forrester, a brother of the defendant Forrester, went to Tulsa to look for a position. Walter Forrester had no car, but his brother, the defendant, drove him to Tulsa, and while there he happened to see Mr. Boucher, who again started negotiations for the purchase of the property, and the sale was finally consummated for a consideration of $43,000.

The defendants in support of their theory of the case requested the trial court to give their requested instruction No. 1, which is as follows:

"If you believe and find from the evidence that the plaintiffs were unable to bring the minds of the proposed purchaser, Barnsdall Refining Company, and the defendants to an agreement, and that thereupon the transaction and the efforts to sell to said Barnsdall Refining Company were abandoned, and that thereafter the defendants effected a sale of the property to said Barnsdall Refining Company through their own efforts, without fraud, and without seeking to take advantage of the efforts of plaintiffs in making such sale, then you should find for the defendants."

The trial court refused to give this instruction and the defendants at the time excepted.

This question was directly passed upon in the case of Cantrell v. McLemore, 119 Okla. 176, 249 Pac. 417, where this court, in the second paragraph of the syllabus, said:

"If a broker fails to bring the minds of the parties to an agreement and the transaction is abandoned, and afterwards the owner, through his own efforts, without fraud, effects a sale, the broker is not entitled to a commission, because he is not the procuring cause of the sale."

The defendants' requested instruction No. 1 undoubtedly states the law. However, it is contended by the plaintiffs that the defendants' requested instruction No. 4 was incorporated by the court in his charge to the jury as instruction No. 8, with slight modification that did not change the meaning and that it is substantially the same as requested instruction No. 1; therefore the defendants cannot complain.

Instruction No. 8, as given by the court and excepted to by the defendants at the time, is as follows:

"You are instructed that in order for the plaintiffs to recover in this action, you must find from the evidence that they were the moving, procuring, and effective cause of the sale. If you find from the evidence that the plaintiffs had endeavored to make the sale of the property in question to Barnsdall Refining Company and had failed to do so and that thereafter ceased their efforts to sell the property to said Barnsdall Refining

Company, and that thereafter the defendants effected said sale by their own efforts without any fraudulent intent to take advantage of plaintiffs' efforts, and that such sale was fairly made, unless you believe and find from the evidence that the said sale was the result of the efforts of the plaintiffs and that they were the effective, procuring cause of said sale, then you should find for the defendants."

Defendants' requested instruction No. 4 is as follows:

"You are instructed that in order for the plaintiffs to recover in this action, you must find from the evidence that they were the moving, procuring and effective cause of the sale. If you find from the evidence that the plaintiffs had endeavored to make the sale of the property in question to Barnsdall Refining Company and had failed to do so and that thereafter ceased their efforts to sell the property to said Barnsdall Refining Company, and that thereafter the defendants effected said sale by their own efforts without any fraudulent intent to take advantage of plaintiffs' efforts and that such sale was fairly made, 'that then the mere fact that such sale was made by defendants,' unless you believe and find from the evidence that the said sale 'was the result of their efforts' and that they were the effective, procuring cause of said sale, then you should find for the defendants."

It will be noted that the trial court struck from the requested instruction the words, "that then the mere fact that such sale was made by defendants," and changed the words. "was the result of their efforts," referring to the efforts of the defendants, so that the same read, "was the result of the efforts of the plaintiffs." which clearly shows that the instruction as modified and given entirely changed the meaning of the instruction.

We think this instruction should not have been given as requested or as modified by the court, for the reason the same was likely to mislead the jury. But, as said before, we are of the opinion that the trial court should have given defendants' requested instruction No. 1, or an instruction prepared by the court clearly submitting the theory of the defendants to the jury.

It is well settled in this state that each party has the right to have his theory of the case fairly submitted to the jury by the instructions given by the trial court, and this question being the very gist of this case, as we view the facts and circumstances, we hold, "It is the duty of the trial court to clearly submit by appropriate instructions the theory of the defense in accordance with the evidence where the evidence tends to support the same; and failure to do so at the request of defendant constitutes prejudicial error." Pate v. Smith, 128 Okla. 29, 261 Pac. 189; St. L.-S. F. Ry. Co. v. Floyd, 146 Okla. 42, 293 Pac. 250.

In the Cantrell Case, supra, the court held that if a broker failed to bring the minds of the parties to an agreement, and the transaction was abandoned, and afterwards the owner, through his own efforts, without fraud, effected a sale, the broker was not entitled to a commission, because he could not be the procuring cause of the sale under such circumstances. In other words, if the jury should find that the broker failed to bring the minds of the parties to an agreement, and that the transaction was abandoned, and afterwards the owner, through his own efforts, without fraud, effected a sale, then the broker could not recover a commission, because he, under such circumstances, could not be the procuring cause of the sale.

The trial court's instruction permitted the jury to find that the brokers failed to bring the minds of the parties to an agreement, and that the transaction was abandoned, and afterwards the owner, through his own efforts, without fraud, effected the sale, and still permitted them to find for the plaintiffs, because they were instructed that although they found all these facts to exist they could still find for the plaintiffs if they believed the plaintiffs were the procuring cause of the sale. The law is well settled that if the broker fails to bring the minds of the parties to an agreement, and the transaction is abandoned, and afterwards the owner, through his own efforts, without fraud, effects a sale, the broker is not entitled to a commission.

The principal issue in the case as presented here is a question as to whether the contract of sale between plaintiffs and defendants was abandoned. If it was in good faith abandoned, then the plaintiffs cannot recover a commission. If, however, the contract was not abandoned and a sale was fraudulently consummated by the defendants themselves, then the plaintiffs would be entitled to their commission.

Under the view we take of the case, it is not necessary to pass upon the other assignments of error. The judgment of the trial court is reversed, with directions to grant a new trial.

RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur.

CLARK, J., dissents.

LESTER, C. J., and KORNEGAY, J., not participating.