## WESTERN STATES GROCERY CO. et al. v. MIRT.

No. 29875. March 10, 1942.

*123 P. 2d 266.*

W. R. Withington (Norman J. Futor, on the brief), both of Oklahoma City, for plaintiffs in error.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendant in error.

HURST, J. Plaintiff Mirt brought this action for damages for personal injuries received as the result of a collision between an automobile driven by him and a truck of Western States Grocery Company driven by its employee, Creson. From a verdict and judgment for plaintiff, defendants appeal.

The collision occurred October 9, 1938, at about 3 o'clock a.m., on the main street of Bethany. Plaintiff and a companion were traveling west, and two of defendant's trucks were proceeding east. The car driven by plaintiff collided with the second or rear truck, which was driven by defendant Creson. Plaintiff was injured and his car was badly wrecked. The street, which is a part of highway 66, is paved with concrete 18 feet wide, and adjoining the concrete on the north side is 6.5 feet of asphalt. On each side of the pavement is an unpaved strip for parking. The trucks of defendant Grocery Company traveling east would rightfully use the south side of the street, and plaintiff, going west, the north side. There was ample space for them to pass each other, but both were apparently crowding the center line.

1. Defendants contend that the trial court committed reversible error in refusing to give instruction on contributory negligence requested by the defendants, which is as follows:

"You are instructed that under the testimony the defendants have plead as one of their defenses of (sic) contributory negligence, that is to say, that the plaintiff, Roy Mirt, was under the influence of intoxicating liquor at the time of this accident.

"You are instructed that the phrase 'under the influence of intoxicating liq-

uor' means that if intoxicating liquor has so far affected the nervous system or brains or muscles that will tend to impair the ability of one to operate an automobile in the manner of an ordinarily cautious man, in the full possession of his faculties would operate or drive under like conditions, then the driver is under the influence of intoxicating liquor.

"If you should find that the plaintiff was under the influence of intoxicating liquor as above defined and that that constituted negligence on his part and if that directly or proximately caused or contributed to the accident and resulting injuries, then you are instructed you should return a verdict for the defendants, even though you should find that they were also guilty of negligence."

Defendants in their answer alleged that plaintiff was guilty of three acts of contributory negligence: (a) that he was driving while under the influence of intoxicating liquor, (b) that he was driving at a high and dangerous rate of speed, and (c) that at the time of the accident he was driving his automobile to the left of the center of the highway. Several witnesses testified that plaintiff's breath smelled of liquor when they talked to him shortly after the collision, and two, who testified that they were in a car a short distance behind the trucks, testified that as his car approached the trucks it was weaving back and forth across the center line of the concrete highway. Both truck drivers testified to the same effect. There was also considerable evidence that plaintiff's companion was drunk after the accident occurred. This companion did not testify. Plaintiff denied that he had been drinking prior to the collision, and several witnesses testified that after the collision he did not appear to be under the influence of intoxicants, and that his breath did not smell of liquor. The evidence was sufficient to require that this issue be submitted to the jury. The condition of plaintiff was a material issue, upon which the defendants were entitled to have the jury instructed. The only reference thereto in the instructions was contained in those which advised the jury of what issues were made by the pleadings. The court did not instruct on the law of drunken driving.

We think the defendants were entitled to have said requested instruction or a similar one given. If plaintiff was driving his car on a public highway while under the influence of intoxicating liquor, he was guilty of negligence per se. Section 10324, O. S. 1931, 47 O.S.A. § 93; Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 P. 1146; 45 C. J. 720, § 103. The requested instruction did not tell the jury that such negligence, if established, constituted contributory negligence, but it properly defined intoxication (Luellen v. State, 64 Okla. Cr. 382, 81 P. 2d 323) and told the jury that if it found that plaintiff was guilty of such negligence, and further found that such negligence directly and proximately caused or contributed to the injury, he could not recover. This did not invade the province of the jury. It left to the jury the determination of the vital factors, negligence and proximate or contributing cause. St. Louis & S. F. Ry. Co. v. Elsing, 37 Okla. 333, 132 P. 483; Hailey-Okla. Coal Co. v. Morgan, 39 Okla. 71, 134 P. 29. Such an instruction does not contravene section 6, art. 23, of the Constitution. Instructions which directed the attention of the jury to the particular facts upon which the charge of contributory negligence was based, but which left to the jury the existence of such facts and whether they were the proximate or contributing cause of the injury, have been approved by this court in several cases. See Blew v. Chicago, R. I. & P. Ry. Co., 177 Okla. 553, 61 P. 2d 258; Taylor v. Ray, 177 Okla. 18, 56 P. 2d 376; Wilson v. St. Louis & S. F. Ry. Co., 141 Okla. 108, 283 P. 999; Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576.

Examination of cases where instructions involving a particular state of facts have been condemned discloses that such instructions either advised the jury that the acts of plaintiff amounted to contributory negligence (Southwestern Cotton Oil Co. v. Fuston,

173 Okla. 185, 47 P. 2d 111), or that such acts, if in fact committed, precluded recovery, irrespective of proximate cause. Goodrich v. City of Tulsa, 102 Okla. 90, 227 P. 91; Mascho v. Hines, 91 Okla. 295, 217 P. 856. The requested instruction in the instant case did not offend in either respect. It simply and properly set before the jury defendants' theory of the case, which they were entitled to have presented to the jury. Forrester v. Jones, 148 Okla. 88, 297 P. 810; Clanton v. Chrisman, 174 Okla. 425, 51 P. 2d 748; Menten v. Richards, 54 Okla. 418, 153 P. 1177. The refusal of the trial court to give the requested instruction, or one which defined the duties of plaintiff under the law prohibiting the driving of an automobile while under the influence of intoxicating liquor, and that he could not recover if they found that he had violated such law, and that such violation proximately contributed to his injuries, was error. The trial court could not disregard the theory of defense relied upon by defendants. The court instructed on the issue of contributory negligence in driving on the wrong side of the road and at an excessive rate of speed, and the court also gave general instructions on contributory negligence. We do not believe the failure to define drunken driving and to give an instruction on drunken driving was rendered harmless by the giving of the general instructions on contributory negligence and those on the other specific acts of contributory negligence alleged in the answer. The act of driving a car upon the public highways while intoxicated is made a crime because such a driver is ordinarily not in possession of his faculties, does not have control of his automobile, is a dangerous driver, and a menace to other persons on the highways. It is a more general act of negligence than the other two, and tends to produce the two specific acts charged. Proof of it tends to corroborate the evidence as to the other two. It was as necessary to instruct on the general act as on the specific acts, on proper request.

2. While the case must be reversed because of the error of the trial court above discussed, another contention made by defendants will be disposed of to prevent a recurrence of the error at another trial. Defendants offered to show that a statement taken from a witness by an agent of plaintiff had been falsified, and as falsified was put in evidence at a former trial of this case, and that plaintiff knew of its falsity. If the agency of the man Robinson, who defendants claim procured and falsified the statement, and the knowledge and acquiescence of plaintiff that such had been done, can be established by defendants, we think the changed statement is admissible as showing an attempt on the part of plaintiff to fabricate evidence to strengthen his case. It amounts to an admission by plaintiff that his case is weak. Schaff v. Coyle, 121 Okla. 228, 249 P. 947; Longuy v. La Societe Francaise, 52 Cal. App. 370, 198 P. 1011; Jones on Evidence (2d Ed.) 83 et seq.; 22 C. J. 110; 20 Am. Jur. 192. The objection to this offer of defendants, in which plaintiff's counsel stated that plaintiff had no knowledge that the statement had been changed when it was put in evidence at the former trial, was by the trial court sustained. The trial court should permit defendants to introduce their proof, if they have any, of Robinson's agency and plaintiff's knowledge that the statement had been falsified when offered in the previous trial. If their evidence is sufficient to show these facts, the statements are admissible under the above authorities.

In view of the fact that the case must be retried, it is unnecessary to discuss other errors urged by defendants, which may not occur on another trial.

Reversed for a new trial.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., concur. ARNOLD, J., concurs in conclusion and dissents to syllabus pars. Nos. 2 and 3. OSBORN and GIBSON, JJ., dissent.

———

ARNOLD, J. (dissenting in part, but concurring in conclusion). Driving a car while under the influence of intoxicat-

ing liquor inherently and within itself carries a great amount of prejudice, so, therefore, principles of law regarding the same should be carefully and correctly stated so as to avoid as much as possible the natural prejudice that drunkenness carries. It is the duty of the court to protect, as far as possible, each side of the lawsuit against unnecessary prejudice.

Negligence is the doing of that which an ordinarily prudent person would not have done under similar circumstances or the failure to do that which an ordinarily prudent person would have done under the same or similar circumstances. In other words, if one does not exercise ordinary care and caution, he is guilty of negligence. So it is obvious that action or failure to act determines whether or not one is negligent. To designate one as negligent you must point to some act of his that is improper under the circumstances or point out some act which he should have performed.

Intoxication is a state of physical and mental being. It within itself is not negligence. To drive a car while under the influence of intoxicating liquor is a violation of the statutory laws of the state and, therefore, a crime for which one may be punished, though in no wise negligent; but you cannot assess damages except for negligence. The general rule is that a violation of a statute or ordinance with reference to use of the highway is negligence per se. An examination of the various statutes and ordinances regarding the use of the highways, however, will show that they nearly all inhibit acts, or they enjoin the duty to perform certain acts. This fact is sufficient to point out the reason for the general rule. While persons under the influence of intoxicating liquor in a sufficient degree to materially affect their physical and mental faculties might not drive carefully, and though it may be that they usually do not drive cautiously, it is still true that a person under the influence of intoxicating liquor to such a degree might drive a car very cautiously and without committing any act of negligence.

In the instant case the defendants pleaded what is known as contributory negligence and in connection therewith alleged: (1) That the plaintiff was driving a car while under the influence of intoxicating liquor; (2) that he drove his automobile to the left of the center of the highway; (3) that he drove his automobile at a high and dangerous rate of speed and "that each and all of said acts of negligence on the part of said plaintiff directly and proximately contributed to and did cause said accident."

There is proof in the record that the plaintiff violated the ordinance of Bethany regarding speed, and the court instructed the jury thereon. The court also instructed the jury that the rights of the plaintiff and defendants to the use of the highway were mutual and reciprocal; that it was the duty of each to exercise ordinary care and caution in the driving of their respective automobiles; that it was their duty to keep their automobiles under reasonable and proper control and keep a lookout ahead for the safety of others using said highway; that a failure on the part of either driver to observe the rules of the road with reference to keeping their respective vehicles entirely to the right of the center of the road when passing would be negligence. And in this connection the court said to the jury:

"If you should find and believe from the evidence that the defendants were entirely on the right side of the road and that the plaintiff himself violated the rules of the road as set out in this instruction, and the plaintiff's own negligence brought about his injuries, or concurred therein with the negligence of the defendants, if any, then in such event your verdict will be for the defendants."

The court also instructed the jury that the statutes of Oklahoma provide: "Vehicles in meeting each other shall keep to the right of the center of the road." It instructed the jury that the

303

parties had agreed the accident happened in the city of Bethany and that the city ordinances of said city provide: "That one operating a motor vehicle in said city must not exceed a speed limit of 25 miles per hour." In this connection the court also instructed the jury:

"You are instructed that a violation of either the above statute or ordinance is negligence per se, that is, negligence within and of itself. And, if you find from the evidence that either of the parties hereto were guilty of such negligence, and such negligence was the proximate cause of the collision and resulting injuries, if any, then you should find against that one guilty of such violation, but if you should find that both parties were guilty of such violation and that such violations were negligence and concurred in proximately causing the accident, then your verdict must be for the defendants."

A casual reading of instructions 13, 14, and 15 shows a very fair attitude on the part of the court in setting forth the reciprocal and mutual rights and duties of the parties herein concerning the use of the highways of this state under the facts and circumstances surrounding the occurrence of the collision involved herein. These instructions specifically inform the jury that the plaintiff cannot recover in this action if he violated the statutory rule of the road as to the center line, or violated the ordinance of the town of Bethany with reference to speed, and said violation or violations proximately contributed to or caused his injuries.

There is no specific instruction by the court regarding the allegation of the defendants in their answer that the plaintiff was driving his car "at a high and dangerous rate of speed." The court did not mention this allegation in its statement of the issues in the case. No exception was taken to the statement of the issues by the court; moreover, the defendants did not plead a violation of the ordinance of the town of Bethany regarding speed, but the court gave a proper instruction on it after the attorneys stipulated as to it. In view of

this state of the record and the further fact that the defendants offered no instruction on this issue, we assume that all of the proof offered in the case as to speed of the plaintiff's car was offered for the purpose of showing a violation of said ordinance and not for the purpose of showing a violation of the Oklahoma statute concerning reckless driving. Our reckless driving statute would apply where the evidence tended to show an unreasonable or negligent rate of speed. Our assumption in this connection is further supported by the fact that the defendants raise no contention that the court should have instructed on this issue. It is, therefore, waived.

The court gave instruction 12 which sets forth a correct definition of contributory negligence. This instruction, however, is incorrect in that it told the jury that if it found "that his failure to so exercise such degree of care and caution was the proximate cause of his injuries," he, the plaintiff, could not recover. The words used by the court, "the proximate cause," mean the whole cause. The allegations in the defendants' answer that the acts of negligence on the part of the plaintiff caused his injuries or contributed thereto would require a statement to the jury in this regard that, if it found that the plaintiff's own negligence proximately caused his injuries or any of them proximately contributed thereto, he could not recover. However, in view of the fact that the court specifically and pointedly told the jury that if the plaintiff violated the rules of the road or the ordinances of the town of Bethany and if said violation or violations contributed proximately to his own injury, he could not recover, this misuse of the adjective "the" instead of "a" in the expression "the proximate cause" in general instruction 12 is harmless because it no doubt caused no confusion.

The defendants requested five instructions and all material requests were granted except the request concerning driving a car while under the influence of intoxicating liquor.

Concerning the driving of a car while under the influence of intoxicating liquor, the defendants requested the court to instruct the jury that:

"If you should find that the plaintiff was under the influence of intoxicating liquor, as above defined, and that that constituted negligence on his part and if that directly or proximately caused or contributed to the accident and resulting injuries, then you are instructed you should return a verdict for the defendants, even though you should find that they were guilty of negligence."

In determining whether or not the plaintiff was guilty of some act of negligence that proximately and directly contributed to or caused his own injuries, the jury should be privileged to take into consideration the testimony regarding intoxication without regard to the degree of intoxication. Evidence of drunkenness can serve no useful purpose in the trial of a personal injury action except to help the jury determine whether or not the plaintiff or defendants were guilty of the acts of negligence alleged and as to which testimony was introduced. It would have been proper, and probably advisable, under the circumstances in the instant case, for the court to have instructed the jury that driving a car while under the influence of intoxicating liquor is a criminal act and is to be considered in determining whether or not the plaintiff did the acts of negligence complained of as have been hereinbefore pointed out. In view of the fact that all of the testimony offered by the defendants as to drunkenness was in the record and the further fact that the defendants requested an improper instruction on contributory negligence as regards driving a car while drunk, and particularly in view of the fact that the jury was fully and properly instructed as to the violation of the city ordinance of Bethany relating to speed and the violation of the rules of the road, the only two acts of negligence complained of by the defendants on the part of the plaintiff, the failure to give an advisory instruction to the jury respecting intoxication, which in any event could do no more than advise it as to the consideration it should give to the testimony regarding intoxication and its bearing upon the real issues in this lawsuit, was not error. The failure to give a proper instruction under these circumstances would be at most harmless error.

A state of mental or physical being, such as intoxication, may have a bearing upon the weight of the testimony given by the one alleged to have been intoxicated and it may throw light on the credibility of such witness, and for these reasons such testimony is competent.

The court properly gave an instruction that the jurors are the sole judges "of the weight of the evidence and the credibility of the witnesses."

In view of the above it is not necessary to go into the contention of the plaintiff that the testimony of the defendants as to the intoxication of the plaintiff was not sufficient to warrant an instruction thereon. The degree of drunkenness would ordinarily have no bearing on the admissibility of such testimony.

I come to a consideration of the contention of the defendants that the trial court committed prejudicial error in excluding their proffered testimony that the plaintiff, Mirt, at a former trial of this cause, offered in evidence a written statement of the defendant Jake Creson which had been "fabricated" and changed.

In this connection they offered to prove that the plaintiff was present at the time the statement was taken from Creson; that Robinson, who took and changed the statement previously signed by Creson, was the agent of the plaintiff, and that plaintiff knew all the circumstances surrounding this whole transaction.

This character of testimony was competent, if properly offered, for the reason that it was a transaction directly related to the subject of the suit, and would therefore tend to help the jury determine the weight and credit it would attach to the testimony of the

plaintiff and would be evidence of at least a tacit admission on the part of the plaintiff of the weakness of his case. The contention of the plaintiff that this character of testimony could not be introduced except for impeachment purposes is incorrect.

This testimony having been properly offered, its exclusion constituted prejudicial error and requires a reversal of this cause. For this reason I concur in the conclusion reached by the majority opinion.