TILBURY, Adm'x, v. POWELL et al.

No. 30637.   Oct. 27, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 830.*

L. L. Roberts, of Vinita, for plaintiff in error.

Pierce & Rucker, of Tulsa, Fred M. Mock and Rollie C. Clark, both of Vinita, for defendants in error.

HURST, J. Plaintiff sued to recover damages for the wrongful death of her husband, D. J. Tilbury, who was struck by an automobile owned by the defendant Charles Powell, Sr., and driven by his son, the defendant Charles Powell, Jr. From judgment on a verdict for defendants, plaintiff appeals.

The accident occurred on one of the paved streets in the city of Vinita, at about 8:15 o'clock p. m. Tilbury was proceeding west on said street in his automobile, accompanied by members of his family and two friends, when the left rear casing on his car was punctured and collapsed. He and his son and daughter, aged, respectively, 19 and 16 years, were changing the tire when Tilbury was struck by the Powell automobile, which was also proceeding west on the street. The Powell car did not strike the Tilbury car, but struck Tilbury and his son. Tilbury, when struck, was seated on the pavement south of his car attempting to jack up the wheel and the son was kneeling beside him loosening the bolts which held the punctured tire on the wheel. Tilbury was nearest the rear end of the car, and was apparently struck first. He died a few hours after being struck.

Plaintiff's petition charged that Charles Powell, Jr., was driving at an excessive rate of speed, in a reckless manner, paying no attention to the traffic or roadway in front of him, and was not driving at a rate of speed and in such a manner as would enable him to stop in the assured clear distance ahead. In their answer the defendants denied negligence on the part of Charles Powell, Jr., and alleged that the accident was unavoidable; that Tilbury was guilty of negligence or contributory negligence in that he did not park his car next to the curb as required by law and stopped his car in a main traveled street, in the rain, without lights of any kind, and failed to keep a lookout for his own safety, or to exercise such care and caution as would have been exercised by a reasonably prudent person under the same circumstances. In her reply, plaintiff alleged that Tilbury had complied with rule 10 of the road, and that defendants had violated rule 2.

Plaintiff's evidence tended to prove that the Tilbury car was standing near the middle of the block; that its left rear wheel, which was the one farthest out in the street, was not more than eight or ten feet from the curb, and was plainly visible from either direction because of street lights at each end of the block, and that the Powell car was proceeding at a speed of 40 or 50 miles per hour. The street was 50 feet and six inches wide from curb to curb, so that if plaintiff's witnesses were correct in their estimate of the distance of the car from the curb, it was well out of the traffic lane.

The evidence of defendants placed the Tilbury car much farther out in the street, some witnesses testifying that there was room to drive another car between it and the north curb of the street. It also tended to prove that a driver approaching the car was unable to see it until he was very close to it, one or two witnesses testifying that it was standing in the north traffic lane of the street, without lights, and that they almost struck it before they observed it. Defendants' evidence was

that their car was proceeding at 20 or 25 miles per hour. Charles Powell, Jr., and another boy who was with him in the car testified that the Tilbury car was out in the traffic lane; that when they were about 15 feet from it they observed Tilbury's daughter, who was dressed in white, standing just back of the car, and that as soon as they saw her, Charles swerved or turned to his left, and avoided striking her or the car. Both these witnesses testified that a car with bright lights coming from the opposite direction made it difficult to see ahead.

Plaintiff makes three contentions: (1) That the trial court erred in refusing to give her requested instruction embodying rule 2 of the rules of the road (69 O. S. 1941 § 583) which provides that "all vehicles overtaking others shall, in passing, keep to the left of the center of the road and shall not pull over to the right until entirely clear of the vehicle passed"; (2) that the trial court erred in giving the jury instructions 12 and 13; and (3) that the trial court erred in refusing her a new trial on the ground of surprise.

1. In support of her first contention plaintiff cites Martin v. McLain, 184 Okla. 418, 87 P. 2d 1075, and Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312, which hold that said rule 2 applies to a car which has stopped on the highway, and in which instructions embodying rule 2 were approved. But there is an obvious difference in the facts in those cases and the facts in the instant case. In Martin v. McLain, above, the overtaking car struck the stopped car, and in the Deshan Case the overtaking car struck a rig timber protruding from the rear of the stopped truck. In the Deshan Case the instruction as to rule 2 was held proper for the reason, as stated by the court, that in its absence the jury would have been entitled to the belief that a man driving on the right side of the road was entitled to stay on the right side of the road. In the instant case, passing the contention of defendants that rule 2 does not apply to city streets, the defendants' evidence shows that as soon as Charles Powell, Jr., observed the Tilbury car he turned to the left to pass it, and did pass it. If Tilbury's car was located where plaintiff's witnesses testified it was, it would have been clear of the north traffic lane of the street, and there would have been ample room for the Powell car to pass it without crossing to the south of the center line. The center line of the street was not marked.

Rule 2 was designed for the guidance of drivers of automobiles overtaking and passing other vehicles proceeding in the same direction on comparatively narrow roads where the overtaking car could not safely pass the one overtaken in the same traffic lane. We think it has no application to the situation presented in the instant case in view of the width of the street. The trial court did not commit reversible error in refusing to give the requested instruction.

2. By instruction 12 the jury was told that under the law every motor vehicle operated over a state highway between dusk and dawn was required to display one rear red light not less than three inches in diameter, and that a violation of this provision of law would constitute negligence, and that if the jury found that Tilbury violated such provision, and that such violation was the direct and proximate cause of his injury, their verdict should be for defendants.

By instruction No. 13 the jury was told than an ordinance of the city of Vinita, introduced in evidence by defendants, required any vehicle brought to a stop on the city streets to pull over to the right-hand curb, if the street had a curb, before it came to a stop; that the violation of such ordinance was negligence; and that if the jury found that Tilbury violated the ordinance, and that such violation contributed to the accident, their verdict must be for defendants, even though they found that defendants were negligent.

Plaintiff contends that these instruc-

tions told the jury that regardless of the distance of the Tilbury car from the curb, and regardless of whether or not it was plainly visible to the driver of the Powell car, Tilbury was guilty of negligence if he did not pull clear over to the curb and did not have a tail light. While standing alone the effect of the two instructions might have been that complained of, yet when considered with the other instructions we do not think they in any way misled the jury. By other instructions the jury was advised of the duty resting upon Charles Powell, Jr., to drive at a careful and prudent rate of speed, having regard to existing conditions, so that he was able to stop within the assured clear distance ahead; that he must keep his machine under control, and be vigilant and watchful, and that a failure to exercise such due care and caution was negligence. In other instructions the trial court defined unavoidable accident and contributory negligence. The effect of all these instructions was to present to the jury the questions of whether the accident was due to the negligence of Charles Powell, Jr., or was caused or contributed to, by the negligence of Tilbury, or was unavoidable. These were the only questions presented by the evidence. Whether Tilbury stopped his car two feet from the curb or ten feet therefrom, without turning on the lights, the instructions left to the jury the question of whether his act was the cause of, or contributed to, his injury. The jury was, by the instructions, left free to determine from the evidence whether the accident was due to the fault of either party, or was unavoidable.

Plaintiff does not contend that Tilbury did pull over to the curb and that he had the lights of his car on, but his failure to do either is tacitly admitted. No excuse is offered for his failure in either respect, nor is it contended that any emergency existed which would justify his failure. Therefore Larkey v. Church, 79 Okla. 202, 192 P. 569, Oklahoma Producing & Refining Corp. v. Freeman, 88 Okla. 166, 212 P. 742, and similar cases, holding that in certain situations violation of a city ordinance is only prima facie evidence of negligence, which may be rebutted by evidence showing that such violation was not in fact actionable negligence under the circumstances, have no application. If Tilbury, without justification or excuse, stopped his car in violation of the express prohibition of law, he was guilty of negligence per se. Western States Grocery Co. v. Mirt, 190 Okla. 299, 123 P. 2d 266. Nor do the instructions complained of fall within the class condemned in Thompson v. Norwood, 189 Okla. 360, 117 P. 2d 791, and Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576. We conclude that the giving of such instructions was not error.

3. In her third contention plaintiff urges that the trial court should have sustained her motion for new trial on the ground of surprise. She claims, in support of this contention, that after the trial she discovered that a member of the jury was a brother of an employee of an insurance agency which had insured the Powell car. The verdict was unanimous, and no evidence was produced which tended to show that such juror, by reason of that fact, influenced the jury, or that his standing in the community was such that his ability to influence the verdict might be inferred. We do not think that the denial of the motion on this ground was an abuse of discretion.

The second ground of surprise is that after the trial plaintiff discovered that the city traffic ordinance, part of which was introduced by defendants, had never been legally published. At the trial plaintiff's attorneys stipulated that the ordinance was valid, and sought to introduce a section similar to rule 2 of rules of the road, which the trial court refused to permit them to do. The evidence introduced at the hearing on the motion for new trial does not affirmatively show that the ordinance was not published as required by law, and in the absence of such evidence the trial court did not abuse his discretion in denying the motion on this ground.

Affirmed.

OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY and DAVISON, JJ., absent.