FEUQUAY v. ECKER.

No. 31619. March 27, 1945.

*157 P. 2d 745.*

W. A. Carlile, of Oklahoma City, and Johnson & Jones, of Bristow, for plaintiff in error.

Gomer Smith, of Oklahoma City, for defendant in error.

RILEY, J. This is an appeal from a judgment based upon a jury's verdict in favor of defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant, in an action to recover damages for personal injuries.

On January 16, 1941, plaintiff was a passenger in an automobile owned

and operated by her brother, Clifford Ecker. That car was being driven south on a highway known as the Guthrie short cut. At a point about one and one-half miles north of the town of Witcher, at about 6:30 p.m., that automobile collided with the automobile owned and being driven north by defendant. Plaintiff was injured as a result of the collision.

Plaintiff alleged the negligence of defendant consisted of his driving at a high and dangerous rate of speed; failure to keep a proper lookout for automobiles rightfully on the highway; and driving his automobile to the left of the center of said highway and on to the wrong side of the road and into the automobile in which plaintiff was a passenger.

Defendant denied generally and alleged that the driver of the automobile in which plaintiff was riding was guilty of primary negligence in that he drove his automobile in the center of the highway at the place of the collision, in the nighttime, with only one light burning; that the primary negligence of said driver was the sole cause of the collision; that said primary negligence was imputable to plaintiff. Defendant alleged contributory negligence of the driver of the automobile in which plaintiff was riding, and pleaded that when it became apparent that the two automobiles were going to collide, defendant drove his car toward the ditch on the left side of the road where the collision occurred; that he did so because he had no other way to go to avoid the collision. Reply was by general denial.

The issues were tried to a jury, resulting in verdict for the plaintiff in the sum of $2,000. After unsuccessful motion for new trial, judgment was entered on the verdict, and defendant appeals.

The assignments of error relied upon and presented in defendant's brief are:

1. That the court committed fundamental error in failure on its own motion to properly instruct as to the decisive issues made by the pleadings and evidence.

2. Error in refusing instructions 1 and 2, requested by defendant.

3. Error in three instructions given to the jury over the objection of defendant.

That part of defendant's answer wherein he alleged that when it became apparent that the two automobiles were about to collide, he drove his car into the ditch on the left side of the road where the collision occurred, because he had no other way to go in order to avoid a collision, was added by way of amendment after the introduction of the evidence. The trial court, in the general instructions stating the issues to the jury, did not specifically mention the allegations contained in the trial amendment. Defendant did not except and requested no more definite statement of the issues. Defendant contends that failure of the court to mention allegations contained in the trial amendment is fundamental error.

This contention was not presented to the trial court in the motion for new trial. Assuming the question is properly before us, the contention cannot be sustained. The testimony upon which defendant based his trial amendment was admissible under his general denial. The amendment was not necessary. Moreover, the trial court fully covered that phase of the case by instruction No. 5, going to the question of emergency. No particular paragraph of the instructions need contain all of the law of the case. If the instructions as a whole properly state the law applicable to plaintiff's cause and defendant's theory of defense, they are sufficient. Hartman v. Dunn, 186 Okla. 9, 96 P. 2d 897. Considering the evidence and the instructions as a whole, the jury could not have been misled as to the court's statement of the issues.

It is next contended that the court erred in refusing instruction No. 1, requested by the defendant. Therein the defendant requested that the jury

be instructed that if the jury should find, by a preponderance of the evidence, that the automobile in which plaintiff was riding was being operated by the driver without proper headlights, as required under the statutes, and that such negligence was the sole cause of the accident, the verdict should be for the defendant. This instruction was properly refused for the reason that conceding the disputed fact that the automobile in which plaintiff was riding had but one headlight, that fact alone could not have been the sole cause of the accident. The uncontradicted evidence is that the collision occurred while both automobiles were on the west side of the paved portion of the highway. This was the right side of the highway as to the automobile in which plaintiff was riding. The collision could not have occurred except for the fact that defendant's automobile was at the time on the wrong side of the highway. If defendant's automobile had not been on the wrong side of the highway, the automobile in which plaintiff was riding could have passed safely, irrespective of the conditions of the headlights.

It is next contended that the court erred in refusing defendant's requested instruction No. 2. Therein, the defendant requested an instruction that:

"If you find the driver of the car in which plaintiff was riding was guilty of primary negligence by driving his car with only one light burning, then you are further instructed that the defendant, observing himself in a place of peril, had a right to take such methods in the operation of his car to avoid a collision, that might be taken by a reasonably prudent person under like circumstances, even to the extent of turning to the left side of the road."

The instruction, as requested, was properly denied because it omitted a material element of the emergency rule. In order to apply the emergency rule, it must be made to appear that the party seeking to invoke the rule is free from negligence in connection with the creation of the emergency. 38 Amer. Juris. 686-687 § 41. Harber v. Grahm, 105 N.J.L. 213, 143 Atl. 340, 61 A.L.R. 1232;

Ritter et ux. v. Johnson, 163 Wash. 153, 300 P. 518.

The rule partially stated by the requested instruction was fully and properly covered by the court in instruction No. 5:

"You are instructed that in the event the driver of an automobile is suddenly met with an emergency which naturally overpowers the judgment of a reasonably prudent and careful driver so that momentarily he is thereby rendered incapable of deliberate, intelligent action, and as a result a collision occurs, the driver so met with such an emergency is not guilty of negligence provided he had used due care to avoid meeting such an emergency, and after it arises he uses such care as a reasonably prudent and capable driver of an automobile would use under the unusual circumstances."

It is contended that the court erred in the last paragraph of instruction 4, wherein the jury was instructed:

"You are further instructed in this connection that if the plaintiff is entitled to recover the plaintiff must prove by a preponderance of the evidence that the defendant was guilty of negligence, and if you find and believe from the evidence adduced in the trial of this case that the defendant was not guilty of negligence, then in that event it would be your duty to find for the defendant; on the contrary, if you do find and believe from the evidence in the trial of this case that the defendant was guilty of negligence as herein defined to you in these instructions, then and in that event it would be your duty to find for the plaintiff."

In support of this contention, defendant cites Winn et al. v. Corey, 179 Okla. 305, 65 P. 2d 522. That case is not in point. There the trial court instructed that if the jury should find that the defendant Winn, in the operation of his cab, violated a city ordinance upon the occasion when the accident occurred, such violation would constitute negligence, "and the burden would be upon him to show that his violation thereof was not the proximate cause of the accident."

In the instruction here complained of, the trial court plainly told the jury that the burden was upon the plaintiff to prove defendant's negligence, by a preponderance of the evidence. It was not reversible error to include in the instruction the statement that if the finding from the evidence was in favor of defendant on the issue of negligence, then the verdict should be for defendant. The court did not instruct, as in the Winn Case, supra, that the burden was upon defendant to prove want of negligence. Considering the instructions as a whole, and recognizing that more apt words could have been employed to express failure to find negligence on the part of defendant, we are of the opinion that the jury fully understood that the burden of proving negligence rested upon plaintiff. That part of instruction No. 4, standing alone, is defective in that it omitted proximate cause as an element of actionable negligence. But it cannot be said that it is so defective as to require a reversal for the reason that instruction No. 6, given by the court, properly defined proximate cause, and instructions 9 and 11, given by the court, told the jury that defendant's negligence must be the proximate cause of plaintiff's injury, or that defendant's negligence, coupled with the negligence of the driver of the automobile in which plaintiff was riding, must concur and that such concurring negligence was the proximate cause of plaintiff's injury, before the defendant could be held liable, so that when the four instructions are considered together they were not confusing and that the failure to include the element of proximate cause in that part of instruction No. 4 was harmless.

Defendant next asserts error in that the court, in instruction No. 9, stated that it was the duty of each of the drivers of the two automobiles to keep to the right of the center of the road, and in not further instructing the jury as to the duty of a driver who desires to pass another vehicle, going in the same direction, to give notice of approach by a horn or other signal and providing that such vehicle shall be required, when signaled, to turn to one side and give half the road. The instruction complained of properly stated the applicable statutory rules of the road. There was no evidence concerning the giving of a signal or warning by defendant or failure of the driver of the automobile he was about to pass, to respond to such signal. That part of the statute is not here involved and there was no error on the part of the trial court by failure to extend the instructions as urged.

The instructions, as a whole, fairly presented the law applicable to the pleadings and evidence. If there was error therein, it was against plaintiff rather than against defendant in that the court submitted to the jury the issue of contributory negligence on the part of the plaintiff, although there was no evidence of negligence attributable to plaintiff.

Finally, it is contended that the verdict is excessive and a result of passion and prejudice. The evidence is in conflict as to the extent and permanency of plaintiff's injuries. The testimony of plaintiff and her attending physician, if believed by the jury, was sufficient to support the verdict. The fact that the greater number of expert witnesses testified contrary to the opinion of plaintiff's expert witness is not, of itself, sufficient to set aside the verdict of the jury. The question as to the extent and permanency of plaintiff's injuries was one of fact, submitted to the jury upon conflicting evidence, and the verdict of the jury in such case is conclusive. There is nothing whatever in the record to indicate passion or prejudice on the part of the jury. The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.