## YOUNG EXPLORATION CO. v. BLACK.

No. 34319.   April 8, 1952.

Rehearing Denied June 24, 1952.

245 P. 2d 744.

Logan Stephenson, Tulsa, and Draper Grigsby and James D. Foliart, Oklahoma City, for plaintiff in error.

Howard K. Berry, Oklahoma City, for defendant in error.

BINGAMAN, J. This is an action for damages for personal injuries growing out of a collision between a motorcycle and pickup truck, brought by the plaintiff, Frank Benjamin Black, an infant, by Lila Black, his next friend, against Young Exploration Company, a corporation. The trial court submitted the cause to a jury, which returned a verdict for plaintiff, and defendant appeals.

In his petition plaintiff alleges that he was, at the time of the injury, seventeen years of age; that the accident in which he was injured occurred on April 14, 1948; that he was riding a motorcycle owned by him in an easterly direction. along Northwest Twenty-Third street, in Oklahoma City, and that at the intersection of Northwest Twenty-third and Virginia avenue, a Ford pickup truck, owned by the defendant and operated by one Gilbert, was so driven that the plaintiff's motorcycle struck the pickup truck, causing him to be thrown violently to the pavement and injuring him.

He alleged that the collision was caused by the negligence of the defendant, in that the driver of the vehicle attempted to make a U turn at the intersection of Northwest Twenty-Third street and Virginia avenue, without making a signal for such turn, and that when the truck arrived at the center line of Twenty-Third street it stopped in front of plaintiff, and that he was unable to avoid striking it. It further alleged the nature and extent of his injury. In a second cause of action he sued for the damages to his motorcycle. He alleged that the defendant, in making the U turn, was guilty of violation of the city ordinance relative to the making of U turns and attached to his petition a copy of the pertinent part of said ordinance.

In its answer defendant denied all the allegations of the plaintiff's petition, pleaded that if the plaintiff was injured as alleged in his petition, he was guilty

of negligence and carelessness, and that his injury and the damage to his motorcycle were due to such negligence and carelessness; further alleged contributory negligence on the part of the plaintiff; alleged unavoidable casualty and misfortune and that the injury was not occasioned by any negligence on its part. By amendment to the answer defendant pleaded that plaintiff was operating his motorcycle at a speed in excess of the speed limits provided by the city ordinance of the city of Oklahoma City and attached to its amendment, a copy of the applicable portion of the speed ordinance.

Defendant first contends that the trial court erred in refusing to instruct the jury on its theory of the case, that is, that the injury was one which occurred in an intersection, and that the law governing the conduct of the parties was that applicable to the crossing of intersections, and that such law was set forth in the instructions requested, which were refused by the trial court.

The evidence produced by plaintiff tended to prove that plaintiff was proceeding in an easterly direction on West Twenty-Third street on his motorcycle, traveling around 25 miles an hour; that defendant's truck in front of him attempted to make a U turn by driving into the north portion of Virginia avenue at Twenty-Third street, around a stop sign located on Virginia avenue at the intersection, and back out into Twenty-Third street in front of plaintiff's motorcycle, without stopping at the stop sign; that when defendant's truck reached approximately the center of the intersection it stopped in front of plaintiff's motorcycle, and that plaintiff swerved to his right in order to avoid a collision, but was unable to swerve far enough and struck the rear portion of the truck. The evidence for defendant was that the driver of the truck made a right turn into Virginia avenue at the intersection, turned in Virginia avenue and drove up to the stop sign where he stopped the truck; that he looked and saw no one approaching and drove out into Twenty-Third street, at which time, without warning, plaintiff's motorcycle, approaching rapidly from the west, struck the rear portion of the truck.

Defendant contends that he had completed his U turn on Virginia avenue when he stopped at the stop sign, and that therefore the accident was governed by the statute and city ordinance governing the rights of the respective parties when crossing an intersection. While he now contends that this was his theory of the case there is nothing in his pleadings to indicate that he relied upon such theory, but in his answer he relied wholly upon negligence or contributory negligence on the part of the plaintiff and upon the violation by plaintiff of the speed ordinance of the city of Oklahoma City. He also pleaded unavoidable casualty, but nowhere did he mention or plead the statute or city ordinance governing collisions at intersections or the rights of the respective parties when crossing intersections. He did not make any request to the trial court for leave to amend his petition to conform to such evidence, but in his briefs apparently proceeds upon the theory that the petition should have been considered so amended for the reason that the evidence given by his witnesses was admitted without objection.

12 O. S. 1951 §317 provides for the amendment of pleadings at any time, but limits said amendments to those which do not change substantially the claim or defense. In Safeway Cab Service Co. v. Gadberry, 180 Okla. 51, 67 P. 2d 434, we approved an amendment to show a new theory by plaintiff as to the nature of the injury suffered by him. In that case the trial court permitted the amendment for the reason that the defendant had examined the plaintiff some three months before the trial and it was its testimony which advanced the theory that plaintiff was suffering from such condition. We there held that such amendment was within

the discretion of the court, and that amendments at or after the trial were within the discretion of the trial court, but should not be permitted where a surprise is worked against the other party or where to permit the amendment works a departure.

In State Life Ins. Co. v. Liddell, 178 Okla. 114, 61 P. 2d 1075, we held that the amendments to pleadings where they did not substantially change the claim or defense rested in the sound discretion of the court, citing numerous authorities.

In Western States Grocery Co. v. Mirt, 190 Okla. 299, 123 P. 2d 266, we held that the trial court erred in refusing to give an instruction on the intoxicated condition of the plaintiff, but in that case the defendant in his answer alleged that fact as a ground of contributory negligence. In Venmex Oil Co. v. Thomas, 189 Okla. 407, 117 P. 2d 540, we held that certain defenses, such as that the plaintiff's landlord contributed to the pollution for which plaintiff sued for damages, and that plaintiff knew of such pollution, were special defenses; that they were not raised by the answer and that to be available as defenses it was necessary that they be specifically pleaded.

We think the rule announced in these cases applies in the instant case. In the defendant's pleadings in this case there is no allegation from which either the plaintiff or the trial court could anticipate that defendant would rely upon the theory of defense upon which his instructions were offered, and the testimony of the driver that he stopped at the stop sign was given to contradict the testimony of plaintiff and his witnesses that he did not stop at the intersection, but merely swung around the stop sign in order to make his U turn. We think the defense contained in the requested instructions should have been pleaded, along with the pertinent parts of the city ordinance, which defendants admits covers accidents at intersections, in order to entitle the defendant to have such theory submitted to the jury.

Furthermore, the requested instructions did not correctly state the law. They purported to advise the jury that if defendant's truck stopped at the stop sign and entered said intersection first, then the driver had the right of way over plaintiff's vehicle which was approaching from the defendant's left. 47 O. S. 1951 §121.6, (c), provides in part as follows:

"The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop, which are within the intersection, or approaching so closely as to constitute an immediate hazard, but may then proceed."

See Guegel v. Bailey, 199 Okla. 441, 186 P. 2d 827. The trial court did not err in refusing the requested instructions.

Defendant next contends that the trial court erred in submitting an instruction to the jury on the conduct of a person who finds himself confronted with a sudden emergency. He says that the instruction was given, though neither the pleadings, nor the evidence, supported the submission of such instruction, in that neither party pleaded a sudden emergency and the evidence showed that neither driver was confronted with a sudden emergency. We are unable to agree with this contention.

Plaintiff, in his petition, alleged that the driver of the truck was guilty of negligence in making the U turn, and that upon arriving in the center of Twenty-Third street he stopped his truck, causing the collision between the truck and plaintiff's motorcycle. The evidence produced by plaintiff was that he could have avoided the truck by swerving to the right had the truck continued its forward motion, but that when it stopped he was unable to swerve his motorcycle far enough to

avoid it without overturning the motorcycle upon the pavement, and that he could not stop after the truck stopped. While the petition did not specifically plead that the plaintiff was confronted with an emergency, the facts therein pleaded and the testimony of the plaintiff and his witnesses were sufficient, we think, to justify the trial court in giving such instruction to the jury. This was not a new or essential portion of his cause of action, but was incidental to the question of whether or not plaintiff was negligent in failing to avoid striking defendant's truck.

For its third and last contention defendant alleges that the trial court erred in instructing the jury on the law governing U turns at street intersections, for the reason that the truck driver had made his U turn on Virginia avenue and was not engaged in making such turn at the time of the collision. This contention is in our judgment untenable. Plaintiff's petition specifically pleaded that the injury he received was caused by the making of a U turn by defendant's servant, Gilbert, at the intersection in violation of the city ordinance, copy of which was attached to his petition and introduced in evidence. The evidence offered on his behalf tended to establish the negligence as pleaded. This being his theory of the case, both as pleaded and proved, the trial court properly instructed the jury upon such theory. The contention of defendant would ignore both the pleading and proof of plaintiff and assume the truthfulness and conclusiveness of the evidence offered by defendant. The trial court did not err in giving such instruction.

Affirmed.

WELCH, CORN, DAVISON, and JOHNSON, JJ., concur. HALLEY, V. C. J., and O'NEAL, J., dissent.