Frank ROSAMOND, Plaintiff In Error,

v.

REED ROLLER BIT COMPANY, a corporation, and Robert Poole, Defendants in Error.

No. 36746.

Supreme Court of Oklahoma.

Dec. 13, 1955.

Rehearing Denied Jan. 24, 1956.

David W. Taylor and Homer Cowan, Norman, for plaintiff in error.

Embry, Crowe, Tolbert, Boxley & Johnson, V. P. Crowe and Ben L. Burdick, Oklahoma City, for defendants in error.

## PER CURIAM.

On the morning of May 31, 1953, plaintiff and defendants were involved in a head on collision of their automobiles on Highway 59, just immediately east of St. Louis, Oklahoma. The accident occurred on a blacktop highway 22 feet in width. At the place of collision the road was straight, though hilly, and was immediately opposite two driveways, one leading from the highway north to a church, the other, almost directly opposite leading from the highway south by a private home. Plaintiff, 63 years of age, engaged in buying and selling oil and gas leases, was driving a 1941 Chevrolet automobile in a westerly direction, and defendant, Robert Poole, 28 or 29 years of age, an employee of defendant, Reed Roller Bit Company, was driving a 1952 Chevrolet automobile, owned by said defendant company, in an easterly direction. The collision occurred just north of the center line of the paved road. The plaintiff sustained severe injuries as a result of the accident.

In his petition plaintiff alleged that defendants were negligent in that the defendant driver failed to keep a proper lookout for vehicles upon the highway; failed to keep his vehicle under proper control; was driving at an excessive and dangerous speed; was driving at a rate of speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead; and that he failed to keep to the right of the center of said paved road, operating his vehicle on the north or wrong side of the road.

He testified that he was driving west at not to exceed 30 miles per hour; that he first saw defendants' automobile as it was coming down the long hill coming out of St. Louis; that it went out of his vision by reason of a small intervening hill; that he next saw said vehicle as it came over the small intervening hill; that its left wheels were then on the north or wrong side of the center line of the highway; that he was on his side of the center line of said highway and pulled his vehicle further to the north side of the road; that he did not apply his brakes; that he remembered nothing more until about 10 days later in the hospital at Shawnee.

Defendant driver denied that he had been driving on the north or wrong side of the road prior to the immediate time of the collision; that when he came over the small hill he was driving his vehicle at approximately 50 miles per hour; that he observed plaintiff's vehicle when it was approximately 400 feet away; that plaintiff was driving his vehicle to the south of the center line of the highway and was looking to the south; that he thought plaintiff was intending to make a left turn; that he tapped his brakes to break the speed of his car in order to permit plaintiff to get across in front of him; that plaintiff's car continued on toward his car instead of making a left turn and he braked his car hard and attempted to pull across the highway to the north in order to go to the left of plaintiff; that when he applied the brakes hard, plaintiff looked up and pulled his car sharply to the left and the cars collided; that when he began applying his brakes all wheels of the vehicle he was driving were to the south and right side of the center line; that, in attempting to avoid the collision, he pulled to the north and wrong side of the road.

The cause was submitted to a jury which returned a verdict for defendant.

In his appeal plaintiff has presented several alleged errors. However, in his brief he argues, in effect, only two propositions; the contention under both propositions being that the trial court committed error in

giving Instruction No. 10, concerning the duty of a driver when confronted with a sudden emergency.

■ The rule that, "though a question be raised in the motion for new trial and also by assignment of error on appeal, yet, if it is not presented in the brief, argument made thereon, and authorities cited, this court will hold the question as waived;" is so well settled in this Court as to need no citation of authority. We therefore deal with only the proposition hereinbefore set forth.

■ Plaintiff contends that in giving Instruction No. 10, the trial court did not give sufficient consideration to his theory of the case. Such contention cannot be sustained. The allegations of his petition, upon which the theory of defendant's negligence was based, were that, defendant failed to maintain a proper lookout; failed to keep his vehicle under proper control; was driving at an excessive and dangerous rate of speed; was driving at a rate of speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead; and, that he failed to keep to the right of the center of the road. All such separate theories of negligence were covered by the instructions of the court in Instructions 5, 6, 7, 8 and 9. Instruction 5 given by the court recited the statute requiring that a person drive an automobile at a careful and prudent speed, not greater or less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and requiring that a person not drive an automobile at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead. Instruction No. 6, recited the statute requiring that vehicles proceeding in opposite directions shall pass each other to the right, and further recited the statute prohibiting a driver when approaching the crest of a grade, from driving to the left of the center of the road. Instruction No. 7, stated that it was the duty of persons operating vehicles on the highways of this State to observe the state laws, as defined in the instructions, and a violation of same was

negligence *per se,* with the requirement that such negligence be the proximate cause of the injuries and damage sustained. Instruction No. 8, set forth the common law requirement that all drivers must exercise ordinary care under the facts and circumstances existing. Instruction No. 9, instructed the jury that the rights, duties and obligations of the drivers of the automobiles involved were mutual and reciprocal, and that it was the duty of both drivers, as they approached the point where the collision occurred, to exercise ordinary care in the management of their vehicles to prevent injury to other persons upon the highway at said point; and that it was the duty of the drivers to drive their vehicles at a reasonable rate of speed under the existing circumstances and to keep their vehicles under reasonable and proper control. It further instructed the jury that it was the duty of the drivers to exercise reasonable and ordinary care in keeping a lookout ahead, consistent with the safety of other vehicles and persons that might be using and traveling upon the highway.

■ We are of the opinion that the instructions thus given plainly and succinctly informed the jury of the law covering the theories of the plaintiff. In cases too numerous to mention or require citation we have held, that no particular paragraph of the instructions need contain all the law of the case and that if the instructions as a whole properly state the law applicable to plaintiff's cause and defendants' theory of defense, the instructions are proper. Hartman **v.** Dunn, 186 Okl. 9, 95 P.2d 897.

■ In his contention that the court erred in giving Instruction No. 10, plaintiff cites and relies upon Gillette Motor Transport, Inc., v. Kirby, 208 Okl. 68, 253 P.2d 139 and Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964 as being authority for the proposition that where a driver of a vehicle drives to the left of the center of the road and has a collision with another vehicle which he is meeting, the driver on the wrong side of the road is at fault. Neither of the cases cited is in point with the factual situation herein involved. The Gillette case, supra, devolved upon the insufficiency

of the evidence to establish negligence upon behalf of the defendant driver; while in the case of Ruther v. Tyra, supra, the jury chose to believe defendant's evidence rather than that of plaintiff. Whether or not the driver who is on the wrong side of the road is always at fault depends upon the situation, and the peculiar circumstances of each case, and the question of who is at fault under such circumstances is a jury question. To say otherwise would require this Court to assume the defendant was negligent as a matter of law.

In the case at bar defendant has invoked the so-called emergency doctrine. He plead it in his answer and his testimony was to that effect. According to the latter he was at all times to the south of the center line of the pavement until such times as he applied his brakes and the emergency presented itself. His testimony is corroborated by the highway patrolman who worked the accident as well as at least one of plaintiff's witnesses. Plaintiff and other of his witnesses testified to the contrary. Such testimony was in direct conflict as to which of the drivers was driving to the left or wrong side of the center line of the highway, thereby causing such emergency, and being in conflict, presented a question for the jury under proper instruction of the court.

In order to apply the emergency rule, it must be made to appear that the party seeking to invoke it is free from negligence in connection with the emergency. Feuquay v. Ecker, 195 Okl. 285, 157 P.2d 745, and cases therein cited.

We have carefully examined the instruction complained of and we think it correctly states the law and is not prejudicial to plaintiff. Under the evidence, the matter was properly submitted to the jury, and we find no error in the instructions given.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner REED, and approved by Commissioners CRAWFORD and NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.