McINERNEY, J., concurs in result.

**Con NIPP, as father and next friend of John Nipp, a minor, Plaintiff in Error,**

v.

**Jerry HARDING and Chevron Oil Company, Defendants in Error.**

**No. 42542.**

Supreme Court of Oklahoma.

Sept. 29, 1970.

Ed Dudley, Madill, Wallace & Bickford, Ardmore, for plaintiff in error.

Fischl, Culp & McMillin, by F. Lovell McMillin, Ardmore, for defendants in error.

DAVISON, Justice.

This is an appeal by Con Nipp, as Father and next Friend of John Nipp, a minor, 18 years of age (plaintiff in the trial court) from a judgment rendered on a unanimous jury verdict in favor of Jerry Harding and Chevron Oil Company (defendants below), denying plaintiff any recovery in his action to recover for personal injuries suffered by John Nipp and for damages to a pickup truck. We will continue to refer to the parties by their trial court designation or by name.

Plaintiff brought this negligence action against Chevron and Harding to recover damages for such injuries and property damage arising out of a collision between plaintiff's pickup truck driven by his son John Nipp, and the automobile of Chevron while being operated by Harding. Plaintiff alleged that Harding was, at all times material to the action, employed by Chevron and acting within the scope of his employment, and that his negligent acts were chargeable to Chevron. Harding and Chevron filed an unverified answer containing, among other defenses, a general denial, an

allegation that John Nipp was guilty of contributory negligence, and a plea that Harding was at the time of the accident confronted with a sudden emergency.

Plaintiff filed a reply consisting of a general denial.

At the close of introduction of all of the evidence, the trial judge instructed the jury regarding the contents of the plaintiff's petition, including that portion alleging Harding was employed by Chevron and was acting within the scope of his employment at the time of the accident. The trial judge also instructed the jury as to the contents of defendants' answer including that part relating to defendants' general and specific denial of all allegations in plaintiff's petition. The trial judge then proceeded to instruct the jury that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence the material allegations of the petition, and that unless plaintiff had proved these allegations by a preponderance of the evidence, their verdict must be for the defendants.

As stated above, the jury returned a unanimous general verdict for both defendants.

Plaintiff contends that the trial court committed reversible error when it failed to instruct the jury that the defendant Harding was the agent, servant and employee of Chevron, and that this agency was admitted. It is plaintiff's position that such an instruction should have been given by the trial court upon its own motion.

Plaintiff relies upon 12 O.S.1961, § 286, providing that allegations of the appointment of authority (agency), shall be taken as true unless the denial of the same is verified.

Plaintiff also relies upon the rule that it is the duty of the trial court upon its own motion to properly instruct the jury upon the fundamental issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error. Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, for this proposition and also as a case with a situation identical to that in the present case.

There are several reasons why the contention of plaintiff cannot be sustained.

In the present case the plaintiff failed to challenge or make objections to defendants' failure to verify their answer. Plaintiff proceeded on to trial of the action with no complaint as to the state of the pleadings and made no objection to the instruction, supra, regarding the burden placed upon plaintiff to prove the material allegations of the petition.

In Littlefield v. Roberts, Okl., 448 P.2d 851, we stated that, as to matters contemplated by 12 O.S.1961, § 286, if the plaintiff fails to make objection to an unverified answer before proceeding to trial, either by motion to strike or in some other proper manner, he is deemed to have waived any objection to the plea on the ground of failure to verify same.

■ Under the above circumstances, and the law, supra, the plaintiff is deemed to have waived any objections to the answer on the ground that it was unverified.

The facts in the Kelly case, supra, are not like those in the instant case. In the Kelly case the plaintiff (Kelly) sued only Jones and his insurance carrier, and alleged that Jones' truck was being driven by his (Jones') agent. The defendants' answer consisted in part of an unverified general denial. In the Kelly case the car the plaintiff was driving was struck in the rear by "something" and the impact made her unconscious. Because she was rendered unconscious, she was unable as a witness at the trial to state what struck her or how her injuries were occasioned. Plaintiff presented no evidence in support of her allegation that Jones' car was being driven by his agent. The defendants offered no evidence. The plaintiff only excepted to the court giving an instruction placing the burden on her to prove the allegations of her petition. The jury returned a verdict for the defendants. On appeal we reversed the matter for a new trial, on the grounds that the alleged agen-

cy was an important issue in the trial and because the jury may have reached a different conclusion than it did reach if the trial court had instructed that agency was an admitted fact in the case.

In the present appeal no exception was taken by plaintiff to the giving of the instruction concerning the burden of proof placed on plaintiff. Furthermore, in the instant case the defendants used the defendant Harding as a witness, and he testified on direct examination that he was employed by Chevron as a gang foreman and had been employed by Chevron for 33 years. On cross examination Harding further testified that at the time of the accident he was driving a white Ford Sedan that was owned by Chevron and was doing Chevron's work at the time.

The trial court also, by its Instruction No. 16, advised the jury that if the defendants were guilty of the acts of negligence alleged in plaintiff's petition and that such negligence was the direct and proximate cause of the injury, if any, to the plaintiff, and plaintiff was not guilty of contributory negligence, "then you verdict should be for the plaintiff and against the defendants."

■ Under these circumstances we believe the jury was fully cognizant of the fact that Harding was at all pertinent times acting as the agent and servant of Chevron and that the jury was not misled by the general instruction given by the trial court.

That portion of the second paragraph of the syllabus in the Kelly case, supra, which is in conflict with the present opinion is hereby overruled.

We must conclude that plaintiff's proposition of error is not sustained by the record.

■ Plaintiff further contends that the trial court erred in giving an instruction on sudden emergency for the reason that the instruction was not founded on any evidence adduced at the trial of the case.

The testimony pertinent to justifying the giving of such instruction was as follows:

The collision occurred in the intersection of Main Street and Second Street in Wilson, Oklahoma, at about 9 o'clock in the morning; that Main extends east and west and is a four lane street (two lanes east and two lanes west) with a posted speed limit of 25 miles per hour, and Second runs north and south through Main Street with no stop signs on both streets, and that a filling station was located on the southwest corner of the intersection, with an entrance off of Main and an exit to Second. Shortly before the collision occurred, John Nipp drive his pickup truck east out of the filling station on to Second and turned left (north) on Second to enter Main, intending to turn west on Main, and collided with the car driven by Harding. There was testimony by an eye-witness that the pickup truck in entering Main Street, "darted out in front there with a great amount of speed * * *." There was further testimony that Harding was driving east on Main, to the right of the center line, at a speed of about 20 to 25 miles per hour. John Nipp stated that he stopped at the edge of Main Street, looked both ways, and did not see a car coming, and then proceeded into the intersection. The defendant Harding testified he first saw the Nipp pickup when he was 50 to 60 feet from it, while it was moving north on the left hand side of Second Street, and that he (Harding) applied his brakes as quickly as he could.

Under this testimony and from our examination of the entire record, we think there is evidence tending to show that John Nipp drove the pickup truck from the filling station into Second Street and then into Main Street in such a manner that the pickup "darted" into the path of Harding's car so suddenly and unexpectedly, that Harding could not have stopped his car before it collided with the Nipp pickup. This would have presented the question of the existence of a "sudden emergency" and the members of the jury were entitled to have an instruction thereon to guide them in determining this question of fact. Lewallen v. Cardwell, Okl., 325 P.2d 1074, 1076, and

**181**

Young Exploration Co. v. Black, 206 Okl. 599, 245 P.2d 744.

The trial court did not err in giving an instruction on sudden emergency.

The judgment of the trial court is affirmed.

All Justices concur.