**Kenneth HOPKINS, Plaintiff-Appellant,**

**v.**

**Jerry METCALF, Defendant-Appellee.**

**No. 90–70.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1970.

Rehearing Denied Dec. 9, 1971.

Edwin D. Abel, Oklahoma City, Okl. (Lampkin & Wolfe, Oklahoma City, Okl., on the brief) for plaintiff-appellant.

Michael C. Stewart, Oklahoma City, Okl. (Rinehart, Cooper & Stewart, and Patricia Dunlap, Oklahoma City, Okl., of counsel, on the brief) for defendant-appellee.

Before BREITENSTEIN and SETH, Circuit Judges, and TEMPLAR, District Judge.

BREITENSTEIN, Circuit Judge.

In this diversity case a jury denied recovery to plaintiff-appellant Hopkins for injuries received in an intersectional collision between the motorcycle which he was driving and an automobile driven by defendant-appellee Metcalf. The accident occurred in Oklahoma City, Oklahoma. Reversal is sought on the sole ground that the trial court erred in not giving a requested instruction on sudden emergency.

At the time of the accident it was daylight on a clear and cold day. The pavement was dry. The plaintiff, a policeman, was on a three-wheeled motorcycle proceeding easterly on S. W. 74th Street at a speed of 30–35 miles per hour. The posted speed limit was 40 miles per hour. The street has two traffic lanes. The defendant was driving his automobile westerly on 74th at about 30–35 miles per hour. At the intersection of 74th and Blockwelder the defendant made a left turn. The plaintiff and two witnesses testified that defendant gave no left-turn signal. The defendant said that he did. There were no obstructions to block the view at the intersection.

When plaintiff saw the defendant's car turn, he swerved to the left but the right front of the motorcycle hit the right rear side of the defendant's vehicle. Nothing shows that the brakes of either vehicle were applied before contact. The plaintiff was thrown to the pavement and sustained serious injuries.

The case was submitted to the jury on the issues of defendant's negligence and plaintiff's contributory negligence. At the close of the evidence the plaintiff made a general motion to amend the pleadings to conform to the evidence and

it was denied. His request for an instruction on sudden emergency was denied on the ground that the issue had not been raised by the pleadings.

The rule of sudden emergency is applicable when, without tortious conduct on his part, one is suddenly and unexpectedly placed in a perilous situation requiring instant action without the exercise of deliberate judgment. See Restatement, Torts, Second, vol. 2, § 296, p. 64, and annotation in 80 A.L.R.2d 5. The rule is recognized in Oklahoma. See e. g. Rosamond v. Reed Roller Bit Company, Okl., 292 P.2d 373, 376; Young Exploration Co. v. Black, 206 Okl. 599, 245 P.2d 744, 747; and Graves v. Harrington, 177 Okl. 448, 60 P.2d 622, 626. The trial court denied the requested instruction apparently in reliance on Weaver v. Hoster, Okl., 459 P.2d 614, 617, where the instruction was upheld if sudden emergency "is properly pleaded and there is sufficient evidence to justify the the jury to make a finding on same." In the instant case there is sufficient evidence. The question remains as to the effect of the failure to plead the issue.

Although in a diversity action state law determines the substance of instructions, the grant or denial of instructions is controlled by federal law and the Federal Rules of Civil Procedure. See Lones v. Detroit, Toledo and Ironton Railroad Company, 6 Cir., 398 F.2d 914, 918 and 920, cert. denied 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705, and McNamara v. Dionne, 2 Cir., 298 F.2d 352, 355. Hence, the Oklahoma rule that a sudden emergency instruction is not proper unless the issue is raised by the pleadings does not apply in federal court.

Rule 15(b), F.R.Civ.P., provides that: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." In the instant case the facts bearing on sudden emergency were received in evidence without pertinent objection. In such circumstances the issue is before the court for determination and the pleadings should be re-

garded as amended to conform to the evidence. United States Fidelity and Guaranty Company v. United States, 10 Cir., 389 F.2d 697, 698–699, and cases there cited. We are convinced that the failure to give the requested instruction on sudden emergency was an error prejudicial to the plaintiff's substantial rights.

Reversed and remanded for a new trial.