Marvin Leroy "Roy" LONG, Plaintiff-Appellant,

v.

June Dean HANK, Defendant-Appellee.

No. 424-70.

United States Court of Appeals, Tenth Circuit.

March 24, 1972.

---

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for plaintiff-appellant.

Bert McElroy, of Sanders & McElroy, Tulsa, Okl. (Richard L. Carpenter, Jr., Tulsa, Okl., with him on the brief), for defendant-appellee.

Before JONES * and HOLLOWAY, Circuit Judges, and BRATTON,** District Judge.

HOLLOWAY, Circuit Judge.

This personal injury action arose from a rear end collision near Muskogee, Oklahoma. After a diversity removal, a jury trial resulted in a verdict for the defendant-appellee, Mrs. Hank. This appeal by plaintiff-appellant, Mr. Long, raises only questions concerning the giving of instructions on sudden emergency, unavoidable accident and contributory negligence, which he says should not have been given. We feel there was no reversible error and affirm.

In examining the facts we must consider the record from the standpoint of whether there was sufficient evidence

---

* Of the Fifth Circuit, sitting by designation.

** Of the District of New Mexico, sitting by designation.

admitted to warrant submission of the theories in the instructions. See Flentie v. American Community Stores Corp., 389 F.2d 80 (8th Cir.); Hasselbrink v. Speelman, 246 F.2d 34 (6th Cir.); and Oklahoma Transportation Co. v. Green, 344 P.2d 660 (Okl.). From this viewpoint there was proof admitted to show the following facts.

When the accident occurred in January, 1966, Mr. Long was a passenger in a car driven by his wife, traveling south on U.S. Highway #69, just out of Muskogee. They were en route to Arlington, Texas, to return their grandson to his home. As they neared the Wayside Bridge, they were traveling in a string of cars at about 50 to 55 miles an hour, with several vehicles in front and several behind them.

There was testimony that there were three or four cars ahead of the Longs and that the lead vehicle had trouble on the bridge and stopped or slowed down so that it did not appear to be moving. When Mrs. Long became aware that the car in front of her was braking, she looked ahead and saw the line had stopped on the bridge, hit the brakes and pulled to the right hand side of the road, coming to a stop. The Longs' car was immediately struck from the rear by the car driven by Mrs. Hank. Mr. and Mrs. Long were rendered temporarily unconscious by the impact and their injuries were the subject of Mr. Long's claims.

Mrs. Hank testified that she was driving behind the Longs. It had been misting in the early morning hours, but this had turned to rain outside of Muskogee by the time she approached the bridge about 1:00 p. m. She said she was five or six car lengths behind the Longs when she noticed that their car had begun to "fishtail." Thinking that the Long car was out of control, Mrs. Hank let up on the gas and began applying her brakes lightly. She also called a passenger's attention to the car ahead. She said that at no time did she observe any brake lights on the Long vehicle; the next thing she knew her car was going and the Long car wasn't. She hit the brakes hard, but slid into the rear of the Long car.

First, appellant Long argues that it was error to instruct on sudden emergency at all. Among other things, he says that the proof was undisputed that Mrs. Hank was negligent by her talking to her passenger with her attention being diverted, and by otherwise not keeping a proper lookout and control of her car, so that she was not entitled to the sudden emergency instruction. Appellant Long relies on Bernardy v. O. K. Furniture and Rug Co., 385 P.2d 909 (Okl.), and Graves v. Harrington, 177 Okl. 448, 60 P.2d 622.

The Court's instruction on sudden emergency in substance was that where a person finds himself confronted with a sudden emergency which was not brought about by his own negligence, such person has a legal right to do what it appears that he should do, and that so long as he acts as a reasonable and prudent person as others would have done under similar circumstances to avoid injury, he will not be deemed negligent although it might thereafter appear that some other course of action would have been safer. The charge was in substantial accord with the sudden emergency instruction that is proper under Oklahoma law. See Feuquay v. Ecker, 195 Okl. 285, 157 P.2d 745, 747, and Rosamond v. Reed Roller Bit Co., 292 P.2d 373 (Okl.). It is true, as appellant Long says, that the instruction is not available where the defendant was clearly guilty of negligence in creating the situation, as the *Feuquay* and *Rosamond* cases state. However, the record before us contains proof under which the jury might have found appellee Hank free of negligence, concluding that the cause of the emergency was the trouble the lead vehicle had, the road and traffic conditions, and the sudden stopping of the line of traffic. See McIntosh v. Smith, 445 P.2d 790, 791 (Okl.). Thus we are satisfied that there was sufficient proof

to justify the sudden emergency instruction. See Harris v. Clark, 251 Iowa 807, 103 N.W.2d 215.

Secondly, appellant Long says the trial court erred in submitting instructions on unavoidable accident, relying on Cabe v. Langley, 348 P.2d 316 (Okl.); Huey v. Stephens, 275 P.2d 254 (Okl.); and Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, overruled in part on other issues, Nipp v. Harding, 475 P.2d 177, 180 (Okl.). His argument is that the evidence clearly shows that the accident could not have happened unless either or both drivers were negligent so that the unavoidable accident theory was not properly submitted.

■ We feel that the cases relied on by appellant Long are distinguishable. They involved circumstances where the proof showed that the accident unquestionably resulted from the defendant's negligence and could have been avoided by common prudence. Here, we cannot agree that the evidence was conclusive that Mrs. Hank, or Mrs. Long, was negligent. Moreover, there was proof concerning the weather conditions on a cold rainy day, the difficulty of the lead vehicle on the bridge, and the "fishtailing" of the Long vehicle. In view of these circumstances the trial court instructed that if the jury found that the injury resulted from an unavoidable accident, not caused by the defendant's negligence, that no party should recover; and that an unavoidable accident was a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it. We are satisfied that the instruction was justified under the proof and in accord with Oklahoma law. See Wofford v. Lewis, 377 P.2d 37 (Okl.); and Huey v. Stephens, supra.

Third, appellant Long argues that the trial court erred in instructing on contributory negligence. He says there was no proof of any contributory negligence on his part and no support for the allegations that he failed to remain alert and warn the driver of dangerous conditions existing, relying on Mouser v. Talley, 375 P.2d 968 (Okl.), and Kelly v. Employers Casualty Co., supra. The *Mouser* case does hold that it is reversible error to instruct on contributory negligence where there is no proof to support the defense.

■ The Court did charge that if the plaintiff was found guilty of negligence that was a contributing proximate cause of the accident, the verdict must be for the defendant. The jury was also instructed that a passenger is obligated to use ordinary care for his own safety, to keep a reasonable lookout and to warn the driver of approaching danger, and to warn and remonstrate concerning any negligent operation of the vehicle. Such duties do rest on the passenger and their violation may constitute contributory negligence. See Bagley v. Blue Flame Propane Co., 418 P.2d 333 (Okl.); and Wilson v. Oklahoma Ry. Co., 207 Okl. 204, 248 P.2d 1014.

■ There was no direct testimony concerning Mr. Long's actions or comments just prior to the accident. However, from the narrative testimony by both Mr. and Mrs. Long, on events just before the collision, there was no reference to any warning or comment by him, and it might be reasonably inferred that Mrs. Long's first awareness of conditions on the bridge came from her own observations and not from any warning by Mr. Long. While the proof is weak, we cannot say it was error to submit the instruction, considering the evidence and reasonable inferences from it. See Flentie v. American Community Stores Corp., supra; and Bagley v. Blue Flame Propane Co., supra, 418 P.2d at 336. Although there was no objection to the instruction, as required by Rule 51 F.R. Civ.P., we are satisfied that there was no reversible error committed and that the judgment should not be disturbed on this or the other grounds argued.

Affirmed.